BECKMAN, TRUSTEE, ET AL. v. THE EMERY-
THOMPSON MACHINERY & SUPPLY CO. ET AL.

*Courts of appeals — Jurisdiction of proceeding in error — From order setting aside sheriff's sale, etc. — Judgment defined — Section 11582, General Code — Parties — Purchaser at sheriff's sale.*

1. An order setting aside a sheriff's sale of property and appointing a receiver therefor, after confirmation of the sale and an order putting the purchaser in possession, is a judgment within the terms of Section 11582, General Code, and error will lie to the court of appeals.

2. A purchaser at sheriff's sale can prosecute error to reverse a judgment sustaining a motion to set aside such sale.

(Decided May 14, 1917.)

ERROR: Court of Appeals for Hamilton county.

ON MOTIONS to dismiss petition in error and to set aside stay of execution.

*Messrs. Dolle, Taylor, O'Donnell & Geisler,* for plaintiffs in error.

*Mr. Alfred B. Benedict; Messrs. Hackett, Yeatman & Harris* and *Messrs. Galvin & Bauer,* for defendants in error.

JONES, P. J.   The action below was one for a foreclosure of a mortgage upon real estate and chattel property of a manufacturing business.

Pending the proceedings, on June 28, 1916, a receiver was appointed, as provided under the terms of the mortgage or deed of trust, to take charge of the property, with authority to operate said factory for the purpose of executing its contracts, and with other powers.

Afterwards a judgment was entered for plaintiff, and a decree for sale of the mortgaged property. Under this decree a sale was made by the sheriff and reported to the court. Said sale was duly confirmed by the court by decree entered January 12, 1917, which directed the sheriff to convey the property to the purchaser and put him in possession thereof, and ordered distribution of the proceeds.

After the purchaser had taken over the property under this sale and had sold and disposed of same, on February 17, 1917, a motion to set aside the confirmation of the sale was filed.

On April 12, 1917, this motion was granted, and the court made certain findings of fact and conclusions of law and entered an order or judgment setting aside said sheriff's sale and appointing a receiver for said property.

This error proceeding was filed in this court, and an entry was made staying proceedings until hearing could be had herein.

While in the course of the oral argument and upon the briefs the merits of the proceeding in error have been somewhat discussed, the case has not been reached for trial or heard upon its merits, but the questions now presented to the court are confined to those raised by the motion to dismiss the petition in error for want of jurisdiction and the motion to set aside the stay of execution granted by this court.

It is claimed on the part of defendants in error that this court is without power to review the judgment or order of the court of common pleas, contending that it was an interlocutory order and

in no sense a final order or judgment. They rely upon *Niles* v. *Parks et al.,* 49 Ohio St., 370, where on the motion of a purchaser of land sold at sheriff's sale the order of confirmation of such sale, and the sale, were set aside, and from such order error was prosecuted to the circuit court and thence to the supreme court. In that case the supreme court did not decide that the order setting aside the confirmation was an interlocutory order or that it could not be reviewed, but on the contrary took jurisdiction of the case and affirmed the judgment. If the circuit court had no jurisdiction, the error proceeding should have been dismissed in that court, and its judgment of affirmance would not have been affirmed by the supreme court, but to the contrary its lack of jurisdiction would have been pointed out, and the judgment of affirmance would have been reversed and the cause remanded with instructions to dismiss for want of jurisdiction. In the first paragraph of the opinion the court says:

"This court will not consider the evidence introduced on the hearing of the motion, for the purpose of determining whether it is sufficient to sustain the judgment of the court on the motion."

The reason for this holding of the court is not given. It may have been because the pleadings and the record failed to show any abuse of the discretion of the trial court, or it may have been because under Section 12253, General Code, the supreme court is not required to weigh the evidence. Be that as it may, it surely did not decide that there was no jurisdiction to review the judgment of the trial court on the motion.

It might be noted as significant that in this language of the supreme court the action of the trial court is termed a "judgment," not an interlocutory order. So far as the purchaser of the property is concerned it is a complete and final determination of his rights, and as to him it would be a judgment within the terms of Section 11582, General Code.

But it is argued that the purchaser was not a party to the original action and therefore has no standing to prosecute error proceedings. In *Niles* v. *Parks* it appears that Parks was the purchaser, and there is nothing in the report to indicate that he was an original party. The sale there was set aside because he knew nothing of the property, which did not contain the quantity represented, so it might well be inferred that he was not a party to the action.

In *Ackerman, Recr.,* v. *Cornell et al.,* 14 C. C., N. S., 525, it is squarely decided that a purchaser at sheriff's sale can prosecute error to reverse a judgment sustaining a motion to set aside a sale of real estate. There can be no question of the correctness of such a decision in a case like the one at bar where the property has passed into the possession of the purchaser and he has made disposition of it. And it will not do to say that as to him it is a mere interlocutory matter that can only be reviewed after final disposition of the entire case with reference to all the parties.

The judgment sought to be reviewed not only set aside the sale, but also appointed a receiver to take possession of the property and operate the business. It was not a mere substitution of one receiver for another. Whatever the powers of the

original receiver may have been, he surrendered possession of the property to the purchaser upon confirmation of the sale, and he had no further duty except to render an account. In so far as this judgment appointed a receiver to take charge of this property and divest the vendee or his purchaser of its possession, it is clearly a final order subject to review. This court has so held in several cases. One of its recent cases is that of *The D. T. Williams Valve Company* v. *Williams*, 25 C. C., N. S., 497. Probably the most frequently cited case on this question is *The Cincinnati, Hamilton & Dayton Rd. Co.* v. *Duckworth,* 2 C. C., 518 (affirmed 21 W. L. B., 36), where it was held that an order of the court of common pleas made upon a preliminary application appointing a receiver was a final order within the meaning of Section 6707, Revised Statutes (Section 12258, General Code), which might be reversed, vacated or modified by the circuit court. It was also held that execution of such final order could be stayed by the court, pending the hearing of the petition in error. In the able opinion of Judge Smith the conditions under which a stay of execution should be allowed are fully discussed. Applying the principles enunciated in that case to the case here under consideration we believe this court was right in granting the stay already allowed in order that matters may remain in the condition in which they were found when the court of common pleas entered the judgment to be reviewed, until the case can be heard on its merits.

Both the motion to dismiss the petition in error and the motion to set aside the stay of execution are overruled.

*Motions overruled.*

GORMAN and HAMILTON, JJ., concur.