## WHEELER *v*. LORENZ ET AL.

*Court of Appeals—Jurisdiction—Error proceeding—Final order—Order setting aside sheriff's sale on execution—No abuse of discretion in setting aside sale—Mistake of bidder in applying his mortgage towards purchase price.*

1. An order setting aside a sheriff's sale made on execution is a "final order," from which a proceeding in error may be prosecuted.
2. Where purchaser at execution sale bid off property under misapprehension that he could apply mortgage he held on property in payment of price, setting aside was no abuse of discretion.

(Decided January 11, 1926.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Tracy, Chapman & Welles* and *Mr. Earl F. Boxell,* for plaintiff in error.
*Mr. Edward McCamic,* for defendants in error.

RICHARDS, J.   This proceeding in error arises out of the action of the trial court in setting aside a sale of real estate made by the sheriff on execution.

Wheeler obtained a judgment for $4,750 for personal injuries in an action brought against three defendants.   We call attention to the fact that while the verdict is general, and apparently against all three defendants, the record shows that judgment was rendered against the "defendant."

An execution was issued and levied upon real estate in the city of Toledo belonging to two of the defendants.   The property was appraised at

$2,100, and was sold to Andrew Kunstbeck at public auction by the sheriff for $1,402, he being the highest and best bidder, and the sale was duly reported to the court. On motion of the purchaser to set aside the sale, the court found that all proceedings were regular and in conformity to law, but that the purchaser acted under a misapprehension and mistake of law, in that when he bid upon the property he was led to believe by the advice of counsel that he could apply a certain mortgage, which he then claimed and now claims to hold upon the property, on the purchase price thereof. The court, upon consideration, set aside the sale for that reason.

Only two questions are involved in this case: First, was the order setting aside the sale a final order to which error may be prosecuted? Second, was the court guilty of an abuse of discretion in setting aside the sale?

After a careful investigation, this court is of opinion that an order setting aside a sheriff's sale made on execution is a final order from which a proceeding in error may be prosecuted. The authorities in Ohio on this subject are not numerous. In *Ackerman, Rec'r., v. Cornell*, 14 C. C., (N. S.), 525, 23 C. D., 102, the Court of Appeals in Richland county reversed an order setting aside a sheriff's sale, and held that the purchaser at the sale is sufficiently a party to the action to prosecute error. So far as appears from the record, this decision was reached without either counsel or the court raising or considering the question whether the order was final. The question arose in *Lake Shore Saw Mill & Lumber Co.*

v. *Cleveland Realization Co.,* 11 Ohio App., 387, but in that case the Court of Appeals in Cuyahoga county found it unnecessary to decide whether the order was final, and affirmed the judgment. The true rule seems to be carefully and guardedly stated in 3 Corpus Juris, 533, in the following language:

"And, although there are some exceptions, and some decisions to the contrary, the general rule is that an appeal will lie from an order or decree of the court or chancellor on a motion to confirm, or to open, vacate, or set aside an execution or judicial sale."

A very great many authorities are cited in Corpus Juris to sustain that proposition. To the same effect is 16 Ruling Case Law, 86.

Counsel rely on *McArthur Bros.* v. *Central Trust Co.,* 21 C. C., 654, 12 C. D., 149, as an authority holding that the order is not final, but the order in that case, which was held not final, was not an order setting aside the sale, but an order refusing to set aside the sale. It is easy to see that an order refusing to set aside a sheriff's sale should be held not to be final, because such an order would leave the reported sale still before the court for action; the sale being neither confirmed nor set aside. We hold that error will lie to the order setting aside the sheriff's sale.

The other branch of the case involves the question whether the trial judge was guilty of an abuse of discretion in setting aside the sale. The purchaser bid off the property under the misapprehension that he could apply a mortgage which he claimed to hold on the property in payment of

the purchase price. It is contended that the opinion which he held was the result of a mistake of law, and that the court had no power to relieve against such a mistake, and therefore that the order setting aside the sale was an abuse of discretion, and authorities are cited sustaining that contention. The authorities, however, are not in accord on that proposition, and we think the better reasoning is found in those which hold that a trial judge is not guilty of an abuse of discretion in setting aside a judicial sale for a reason such as exists in the case at bar.

The mortgage which the purchaser held, or claimed to hold, was greater than the amount of the purchase price, and, if the sale should be confirmed, the purchaser would get nothing by virtue of his purchase. Such a transaction between individuals would shock the conscience, and a court, where the situation arises as the result of an honest mistake, ought not to be instrumental in confirming a sale and requiring a man to complete a purchase which would compel him to pay $1,402 and receive nothing in return.

*Judgment affirmed.*

WILLIAMS and YOUNG, JJ., concur.