## SULLINS v BURRY

Ohio Appeals, 6th Dist, Fulton Co

No. 110. Decided Dec 1, 1930

F. S. & J. M. Ham, Wauseon, for Sullins.
Tracy, Chapman & Welles, Toledo, for Burry.

RICHARDS, J.

There can be no doubt that the undivided interest of a partner in tangible property of the firm may be seized upon execution by a separate creditor of one of the partners.

**Nixon & Chatfield v Nash & Atkinson, 12 Oh St, 647.**

While the interest acquired under such levy and sale might not be of great value, depending upon the condition of the partnership business and the amount of its property and indebtedness, yet that interest is one which will be protected by the law and it can only be taken from the purchaser by appropriate proceedings known to the law. The patent and fatal defect in the proceedings in the municipal court is that the sale on execution was adjudged by the court to be set aside without any notice or knowledge upon the part of the purchaser on execution. It would seem fundamental that the rights which a purchaser acquires by the purchase and the payment of the price could not be taken from him without giving him an opportunity to be heard, and the line of authorities so holding seems to be nearly unbroken. We call attention to a note discussing the rights of a purchaser at a judicial sale found in 34 American & English Annotated Cases, 758. See also 16 R. C. L., 113, Sec. 81; 23 C. J., 684, Sec. 678. In the latter section we find the following language:

"The court can not entertain a motion to set aside a sale under execution if notice is not given to all the parties interested, unles ssuch notice is waived by appearance, or by failure to object at the proper time."

And it is further said, in the same section, that notice must be given to the purchaser at the sale, since the vacation of the sale would deprive him of the benefits of his purchase.

We have no doubt, as contended by counsel for defendants and as held by this court in **Wheeler v Lorenz, 21 Oh Ap, 218,** that the purchaser at an execution sale is entitled to prosecute error to the action of the court in setting aside a sale, but where the sale has been set aside without notice to the purchaser, the order is, as to him, a nullity, and of no binding effect.

The order issued by the municipal court, which is claimed to justify the marshal and Burry to take possession of the prop-

erty, could give no authority to do so, and the plaintiff in this action is entitled to an injunction preventing the defendants from interfering with his possession and title.

We do not pass upon the terms of the order made by the municipal court in attempting to set aside the sale, the entire order being a nullity.

For the reasons given a decree will be rendered for the plaintiff enjoining the defendants from interfering with the plaintiff's title and possession under the void order issued by the municipal court for the three trucks and trailer described in the petition.

This decision will not, of course, prevent the municipal court from taking much further action as may be justified, after due notice to all interested parties and an opportunity for them to be heard.

WILLIAMS and LLOYD, JJ, concur.