Weygandt, C. J.
 

 Was it error for the trial court to direct a verdict against Laura Y. Bates for the deficiency resulting from the foreclosure and sale of the mortgaged property?
 

 The answer to this question must be determined -by an examination of the proceeding in the Probate Court at the time Laura V. Bates made her purchase from the assignee. She made no objection then, but in the instant case she complains for the first time that two errors were committed by the Probate Court. One involves the entry confirming the sale, and the other relates to the deed executed and delivered to her by the assignee.
 

 It is contended that the provisions of the entry of confirmation are fatally in conflict with the terms of the order of sale, inasmuch as the former provide for assumption of the mortgage but the latter do not. The language of the decretal order of sale is as follows:
 

 “Said sale to be at private sale for not less than the appraised value thereof, and to be upon the following terms: The deferred payments to be secured by mortgage on the premises and to bear interest from the date of sale, payable annually.”
 

 The entry of confirmation provides that the assignee “make to the purchaser Laura Y. Bates a good and sufficient deed for the premises so sold, free from all liens and debts due from the Assignor and from the contingent dower interest of J. D. Stewart, the husband of the Assignor save and except the mortgage of The Citizen’s Bank of Jeffersonville, Ohio, thereon,
 
 *136
 
 which said mortgage is assumed by the purchaser as a part of the consideration hereof.”
 

 It is readily apparent that the order of sale is general in its terms, while the entry of confirmation is specific. But are they in conflict? The first provides that deferred payments be secured “by mortgage.” It is urged that this language connotes the execution of a
 
 new
 
 mortgage and not the assumption of one already in existence. However, it is extremely difficult to find justification for such an inference, and no pertinent authorities are cited therefor.
 

 It is likewise contended that the entry of confirmation is similarly in conflict with the statutes. The complete answer to this is found in Sections 11118 and 11121, General Code, wherein it is provided that the court may authorize a sale for cash, or upon “such other terms as the court orders,” and that the court may require deferred installments to be secured “by mortgage.”
 

 The controversy about the deed discloses the fact that the assignee executed two deeds to Laura V. Bates. They were dated March 22, 1930, and April 4, 1930, respectively. The only difference in their terms is that the latter contains an assumption clause but the former does not. Although no claim of fraud is made, it is contended that the first deed is the only one effective between the parties. However, the undisputed evidence is that as soon as the omission in the first deed was discovered, the second was accordingly prepared, discussed with the grantee, read to her, and later recorded, but she denies that the assumption clause was specifically called to her attention. She made no objection either to this second deed or to the entry of confirmation, as she could and should have done at that time instead of by collateral attack in the instant case. When she became the purchaser of the property in that proceeding she likewise became a party thereto for certain purposes. She had the right
 
 *137
 
 and the duty to interfere in the proceeding in order to protect herself and correct mistakes as to matters connected with the sale. 16 Ruling Case Law, 113. This she failed to do, and therefore she cannot be heard to complain in the present action which is in no sense a proceeding in error.
 

 Another contention is that the relator is not the proper party to institute the instant foreclosure action for the reason that the bank is a mere creditor, and the case of
 
 Galpin
 
 v.
 
 Lamb,
 
 29 Ohio St., 529, is cited as authority decisive of the question. However, a study of the facts there involved discloses a situation very different from the present one. There the plaintiff was simply a creditor with no legal interest in the money until it came into the hands of the sheriff for distribution. Here under the order of the Probate Court the assignee no longer retains any interest whatsoever in the note or mortgage, and the bank is the sole owner thereof. Therefore, the relator is not only a proper party, but is the only one in position to institute the foreclosure action.
 

 It seems proper to make one further observation with reference to the facts in this case. Laura Y. Bates admits that she purchased this property for the sum of $4,001.00. She admits further that the only money paid by her at that time was $403.60 — the exact difference between the purchase price and the balance then due on the mortgage note. This balance has not been fully paid, and no reason is advanced as to why she should be relieved of her obligation.
 

 For the foregoing reasons it is apparent that the trial court was not in error in directing a verdict for the relator in this action. The judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Stephenson, Williams, Matthias, Day and Zimmebman, JJ., concur.
 

 Jones, J., not participating.