## C E McCUNE CO v WARNDORF

Ohio Appeals, 1st Dist, Butler Co

Decided June 5, 1936

C. W. Elliott, Middletown, for plaintiff in error.

Robert J. Briede, for defendants in error.

## OPINION

By MATTHEWS, J.

This is a proceeding in error to the Common Pleas Court of Butler County. The plaintiff in error was the defendant in the trial court and the defendant in error the plaintiff. They will be referred to by their titles in the trial court.

On July 31, 1933, a judgment was rendered whereby it was adjudged "that the plaintiff recover of the defendant the sum of seventy-six and 85/100 ($76.85) dollars heretofore found due to the plaintiff. * * * It is found, adjudged, and decreed by the court that each party shall pay his own costs herein."

On the 28th day of August, 1935, an execution for costs was issued in which it was recited that "the costs of said defendant were taxed at seven hundred and eighty-two dollars and sixty-eight cents ($782.68)" and commanding the sheriff to cause that amount to be made of the goods and chattels, then of the lands and tenements of the defendant. For want of goods and chattels, this execution was levied upon certain real estate.

On September 6, 1935, the defendant moved to quash and set aside this execution for the following reasons:

"1. Said execution was issued without authority in law.

"2. The party purporting to issue said execution has no interest therein and is not entitled to same by law.

"3. Defendant is not liable for the amount called for in said execution, or any part thereof.

"4. The amount called for in said execution has not been adjudged against defendant."

On December 16, 1935, this motion was overruled and the defendant prosecuted error to this court from that order.

The entry recites that the motion to quash was heard without evidence and no bill of exceptions was filed. It appears from the recitals in the petition in error and representations of counsel that the controversy relates to an item of costs in the sum of $748 for services of Warndorf and Schultheiss as watchmen and custodians of certain attached property seized under an order of attachment procured by the plaintiff, and that this execution was issued on the praecipe of Warndorf and Schultheiss.

(1) The first contention is that the order was not a final order within the meaning of §12258, GC. In 17 Ohio Jur., 1081, it is said that "to quash or set aside or recall a writ of execution is a proper remedy whenever the writ has been irregularly, improperly, improvidently, wrongfully, or erroneously issued upon a void, satisfied, or dormant, judgment, or if the execution issued was not warranted by the judgment, or if issued for an amount greater than authorized under the judgment recovered."

In **Monaghan v Monaghan, 25 Oh St 325,** it was held, as stated in the syllabus, that:

"The exact amount of the judgment upon which an execution issues must be indorsed on it, and vendi executions that may regularly follow, must be for the same amount and be similarly indorsed; and where an execution issued upon a judgment for $199.15, which was levied upon lands sufficient to satisfy it, and a third vendi execution issued for $400 and costs, the latter is irregular, and on motion, should, together with the sale made under it, be set aside."

So the court having jurisdiction to entertain the motion and make the order, has this court jurisdiction to review it on error? We think this question is answered in the affirmative by **State ex v Pike, 17 C. C. 624; Wheeler v Lorenz, 21 Oh Ap 218, (4 Abs 253)** and Monaghan v Monaghan, supra.

In **2 Ohio Jur. at 149 and 150** it is said:

"An order setting aside a sheriff's sale made on execution is a final order from which a proceeding in error may be prosecuted to the Court of Appeals. Likewise, an order setting aside a sheriff's sale of property and appointing a receiver therefor, after confirmation of the sale and an order putting the purchaser in possession, is a final order or judgment, and not an interlocutory one within the terms of §11582, GC, and error will lie to the Court of Appeals. But a refusal to set aside a judicial sale has been held not a final order from

which error lies, although confirmation of the sale may be such a final order."

It will be noticed that the quotation ends with the statement of the rule announced in McArthur v Central Trust Co., 21 C.C. 654, without approving it. That case is explained in Wheeler v Lorenz, supra. All it decided was that a mere refusal to set aside a sale that has been made was not a final order—that so long as the sale was not confirmed by the court the question remained pending before the court for such action as the court might consider appropriate under the law and facts. But the refusal of the court to vacate an existing levy upon property does effect a substantial right because it leaves the levy in force and entitles the execution creditor to have the sheriff proceed to sell the property without further order of the court.

· Our conclusion is that the order refusing to quash or set aside the execution was an order affecting a substantial right in a summary proceeding after judgment which this court has jurisdiction to review.

(2) An examination of the transcript of docket and journal entries discloses that by the judgment each of the parties was adjudged to pay his or its own costs. The costs incurred in the attachment proceeding were in no sense those of the defendant. They were the plaintiff's costs for which execution could be issued against him but not against the defendant. The court therefore erred in overruling the motion to set aside the execution.

But our attention is called to the fact that this case was before this court on error to the judgment in which each party was adjudged to pay his or its own costs, and that this court modified that judgment in that respect. It is contended that that execution was warranted by the judgment rendered by this court. It is sufficient answer, we believe, to say that at no place in the record is found any reference to any judgment by this court. The docket and journal entries make no reference to any mandate from this court and we are informed that no mandate has been issued. The execution does not purport to have been issued to enforce a judgment of this court. We must therefore dispose of this proceeding as though no error proceeding had been previously instituted, the record not showing that such judgment was superseded by the giving of a bond for that purpose.

No mandate remanding the cause to the Common Pleas Court, that proceeding is still pending in this court. New York Central Rd Co. v Francis, 109 Oh St 481, 143 NE 187. We are not concerned here with the extent of the power remaining in this court in that proceeding, but only that some power remained to give relief under appropriate circumstances. That this power would extend under certain circumstances to reviewing the taxing of costs is clear. 11 Ohio Jur. 101. But it is quite apparent that no question of the proper taxing of costs was raised or decided in the prior proceeding in error. The only question was whether the court erred in excluding the mortgage containing the acceleration clause. As the court held that the trial court did err in that regard, this court in its opinion directed that the cause be remanded with instructions to proceed to hear and determine the issues relating to the installments not included in the judgment as rendered and modified the judgment as to costs by providing that the defendant should pay "the costs of the trial." That was deemed sufficiently explicit as the parties presented no fact that would lead the court to conclude that the usual rule that the costs follow the judgment would not be a sufficient guide. If it is not it shoud be presented to the trial court and decided by it before this court is asked to determine it.

As has already been said there was no remanding of the cause by journal entry. This should be corrected by appropriate order in that proceeding.

The judgment is reversed and the cause remanded for further proceedings according to law.

ROSS, PJ, and HAMILTON, J, concur.