## STATE ex CROTTY v ZANGERLE et

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17436. Decided Nov. 13, 1939.

John J. Tetlow, Cleveland; John J. Kennedy, Cleveland; John J. Sheehan, Cleveland; Wesley L. Grills, Lorain; Ray T. Miller, Cleveland; Don C. Miller, Cleveland, for plaintiff-appellant.

Frank T. Cullitan, County Prosecutor, Cleveland, and Saul S. Danaceau, Asst. County Prosecutor, Cleveland, for defendants-appellees.

## OPINION

By LIEGHLEY, J.

A motion to dismiss the appeal in the above entitled cause on questions of law and fact, and to retain the case on questions of law only, is before us for decision.

The motion was filed by the defendants, and is strenuously opposed by plaintiff.

"The Court of Appeals shall have * * * appellate jurisdiction in the trial of chancery cases"

from **Art. IV, Sec. 6, Constitution of Ohio,** is mentioned and relied upon by the plaintiff.

This appeal is from an order of the Court of Common Pleas allowing counsel fees in a chancery case at the conclusion thereof. It seems to be contended that because the order was made in a chancery case that the hearing of the correctness of this order continues to be a chancery case.

The syllabus of the case of **Thompson v Denton, 95 Oh St 333,** reads as follows:

"Under the provisions of **Sec. 6, Art. IV, Constitution of Ohio,** an appeal will lie to the Court of Appeals from an order of the Court of Common Pleas fixing fully and finally the compensation for the services of a Receiver in a chancery case."

It will be noted that this case involves an order fixing the final compensation for the services of a Receiver in a chancery case. This case would be authority for the contention of plaintiff if it were the law today.

The case of **Investment Company v Haas, 110 Oh St 188,** expressly overrules the above case.

The Haas case was an appeal from

a hearing had for the appointment of a Receiver and the court expressly holds that a hearing for the appointment or the removal of a Receiver is not a hearing of a chancery case and expressly overrules the Denton case involving an award fixing counsel fees in a chancery case.

At page 194 and page 195, the reasons for the distinction are clearly set forth. It is expressly stated in the opinion that an application for the appointment of a Receiver is not the trial of any "case" within the meaning of the above constitutional provision. So that the law is established that hearings involving the appointment of a Receiver, or his removal, or the fixing of counsel fees, and kindred hearings upon applications in a chancery case, is not the hearing of a chancery "case" from which appeal on questions of law and fact will lie.

It would seem that the appeal of what may be regarded as a chancery case relates to the hearing on the merits of the issues made by the pleadings and not to some matter of procedure or interlocutory order made in the conduct or progress of the chancery case.

The motion to dismiss the appeal on questions of law and fact·is granted, and the cause is retained on questions of law only, upon the authorities above cited.

TERRELL, PJ. & MORGAN, J., concur.