OPINION
By SKEEL, J.
This action was originally one in foreclosure. A decree was entered against the defendants, Charles R. Ely, et al, and the property was ordered sold at judicial sale to satisfy the judgment which was entered as a part of the decree. After this decree of foreclosure of January 19, 1942, the defendants, Charles R. Ely and Margaret Ely conveyed by quit-claim deed whatever interest they had remaining in the property described in the action, to Gabriel Friedl who in turn conveyed a one-half interest to the Realty Service Inc. Thereafter, an order of sale was issued to the sheriff. The property was offered, for sale but no bidders responded, so the property was re-appraised and again offered for sale at which sale Eugene Vogelin, appellant herein, became the purchaser, he having bid $8600.00 therefor. This sale took place on April 27th, 1942. The appellant thereupon paid to the sheriff the sum of- $8600.00 and on May 4, 1942 the court confirmed the sale and the deed was issued by the sheriff on May 7, 1942.
On May 2, 1942, a motion was filed by the defendants and the grantees named in the two quitclaim deeds, asking the court to vacate the order of sale. The motion further stated that those at whose instant the motion was filed had elected to pay off the mortgage and as evidence of their good faith they deposited with the court $1250.00 toward the payment of the judgment. The motion further stated that as soon as the balance due could be determined they were ready and willing to pay the balance. As appears from the entries of the court and the evidence, the amount then due had been reduced to judgment and that what the proponants of the motion were attempting to do was to induce the plaintiff to reduce its judgment by remitting a part of the interest.
It further appears from the record that the defendants, Charles R. Ely and Margaret Ely, on whose behalf the right to redeem is now claimed, had no interest whatever in the property. The motion to vacate the order of sale was granted on May 16, 1942, on condition that the full amount of the mortgage, interest and costs be deposited by the 18th day of May, 1942, *20 and on May 28, 1942, a journal entry vacating the sale was then put upon the record, the deposit having been made as directed, by one John Berko who is not a party to this action.
It is the contention of the defendants, Charles R. Ely and Margaret Ely, and their grantee successors in title, Gabriel Friedl and ResJty Service, Inc., that the confirmation of the sale to the defendant appellant was inadvertently and prematurely made, while a motion to vacate the order of sale was pending and unruled upon, and that the right to vacate the order of sale, if requested during term, is within the sole discretion of the court.
They further contend that the motion which was filed was in fact a motion on behalf of the defendants, Charles R. Ely and Margaret Ely, asking the right to redeem the property as provided by §11690 GC.
With the first of these contentions we cannot agree. All of the procedural steps necessary to cause the property to be sold to satisfy the plaintiff’s judgment had been complied with. The sale was regular and in full accord with all statutory requirements. Sec. 11688 GC imposes upon the court the duty of confirming a sale when such sale has been conducted as required by law.
The motion which was filed did not in law or in fact necessitate a stay of the conflrmation of the sale which had been concluded before the motion was filed. In the first place, the debtors no longer had any interest in the property, and their grantees and successors in title bad no legal or statutory right to redeem. Furthermore, the statute, (§11690 GC) provides that:
“The debtors may redeem (before confirmation) by depositing with the clerk of the court * * * * the amount of the judgment * * * with all costs, including poundage; and interest at the rate of 8% per annum on the purchase money from the day of the sale to the time of the deposit. * * * *”
Appellee did not comply with this requirement of the statute. They attempt to excuse this neglect, claiming that negotiations' were in progress as to the amount due, but the court had already rendered judgment fixing the amount due and therefore all that was being attempted was a compromise of the judgment. Certainly a court is not required to withhold a confirmation of sale under such circumstances, particularly where there has been no request that the confirmation be stayed. The confirmation of the sale was therefore not prematurely or inadvertently entered.
The power of a court to modify or vacate its judgments or decrees, during term, is a power which while universally recognized, should be used in the exercise of sound discretion. The facts and circumstances must De such that the ends of justice will be thwarted should the court refuse to modify or vacate its former finding, judgment or decree.
23 O. Jur., ¶959, page 1117:
“A court of general jurisidiction such as the common pleas court, has control and supervision of its own judgments, at least during the term at which they are rendered which control may be exercised within the sphere of sound discretion as an inherent and plenary right founded upon common law.”
The facts therefore in the instant case do not disclose a single *21 circumstance which would justify the vacation of the order of sale and its confirmation.
The purchaser at judicial sale has certain rights which the court is bound to protect equally with the rights of the parties to the action. In the instant case the purchaser had attended the sale and when he became the successful bidder he deposited the full ¡purchase price with the sheriff. On the face of the record, as well as in fact, the proceedings were in all respects regular. It is true that such purchaser does not acquire a vested right in the property until the confirmation of the sale, yet, a court cannot, under §11688 GC, arbitrarily refuse confirmation. If there be any legal grounds for withholding confirmation, such as fraud or mistake, certainly the court should not confirm the sale, and if the confirmation has already taken place under proper procedure the court has an inherent power to right an injustice. But in this ease no such grounds appear. The motion here under consideration did not comply with §11690 GC as hereinbefore indicated; the debtors no longer held an interest in the property and ■the debtors’ assignees or successors in title were not entitled to exercise the right of redemption. It was the duty, therefore, of "the court to confirm the sale and when the confirmation had taken place the purchaser was vested with an equitable title in the property which merged into legal title insofar as it was Within the power of the sheriff to transfer legal title upon delivery of the deed.
There being no grounds whatsoever therefore in the instant case that would justify a vacation of •the order of sale and its confirmation, we conclude that the finding of the common pleas court in vacating the confirmation and order of sale constitutes an abuse of discretion.
The judgment of the court of common pleas is therefore reversed as contrary to law, and final judgment is entered for the defendant appellant, Eugene Vogelin. Exceptions.
LIEGHLEY, PJ., MORGAN, J. concur.