STAUTZENBACH, ADMR., APPELLANT, *v.* FRITZ, APPELLEE.

(No. 3925—Decided December 21, 1942.)

Mr. *Clarence P. Ducey,* for appellant.
Messrs. *Boggs & Winchester,* for appellee.

OVERMYER, J. Appellant, as plaintiff, brought this action in Common Pleas Court to recover damages for the benefit of the estate of his decedent from Gordon Irving Fritz, who, it is alleged, caused the death of decedent by an assault committed on June 28, 1941, the death following two days later.

The petition was filed on June 22, 1942, and thereupon the defendant filed a motion to dismiss the cause "on the ground that this action can not be maintained against this defendant for the reason that the only heirs at law of Thomas Nick, the decedent, and the only persons who have an interest in the estate of said decedent and in any final judgment which may be rendered in favor of plaintiff in this cause are, namely, Elena, surviving spouse, a resident of Jomandja in the Kingdom of Greece, and daughters Stanya * * * and Phila * * *, both residents of the German Reich, non-resident aliens of the United States of America, and unable at the present time to maintain this action in this court."

Upon hearing, the motion to dismiss the action was overruled, but the court sustained an oral motion of defendant to stay the proceedings and ordered and adjudged "that all proceedings in this action be and they are hereby stayed for and during the period of the existence of a state of war between the United States of America and the German Reich, and for and during the period that the German Reich occupies and/or controls the Kingdom of Greece."

From this order the plaintiff appeals, claiming an abuse of discretion on the part of the trial court and contending that since both the plaintiff administrator and the defendant are American citizens and residents of this county and within the jurisdiction of the court,

the case should proceed to judgment notwithstanding the federal "Trading with the Enemy Act," as amended by the 77th Congress, approved December 18, 1941, and in case of recovery, the money should be impounded pending the removal of present war restrictions.

We are not called upon, however, to discuss or decide this interesting procedural question because we are required to sustain a motion for dismissal of the appeal filed here by the defendant, upon the ground that the order made is not a final order and therefore not reviewable.

Section 12223-2, General Code, defines a "final order" as one "affecting a substantial right in an action, when in effect it determines the action and prevents a judgment."

Section 12223-3, General Code, provides for the review only of final orders as thus defined.

Applying the statutory test to the order here involved, it is obvious that the order made, while in some respects it may affect a right of the plaintiff to have his action tried on the merits without undue delay, yet does not in any respect determine the action, or prevent a judgment, but merely stays further proceedings for such time as may be warranted in the exercise of a sound judicial discretion. This action has been pending only since June 1942. No answer or other pleading has been filed raising any issue on the merits, and in the circumstances shown we can not say there was an abuse of discretion on the part of the trial court in overruling the motion to dismiss but granting the motion to stay proceedings.

"A proceeding in error is limited to those whose substantial rights are affected and who will therefore be permanently barred from any future adjudication of those rights under the principle of *res judicata*."

*Dept. of Liquor Control* v. *C. D. Peters Ice & Coal Co.,* 52 Ohio App., 520, 3 N. E. (2d), 981.

"Though this court has interpreted the term 'judgment' so as to include 'final orders,' it has limited its application to acts or decrees of the court which give final effect to the central purpose or some independent branch of the litigation, finality being the touchstone in the determination of that quality." *Hoffman* v. *Knollman,* 135 Ohio St., 170, at 181, 20 N. E. (2d), 221.

For a discussion of the meaning of the term "abuse of discretion," see *Steiner* v. *Custer,* 137 Ohio St., 448, at 451, 31 N. E. (2d), 855.

There is no finality about the order here complained of to give it the necessary characteristics of a final order subject to review. The motion to dismiss the appeal will be sustained.

*Motion sustained.*

LLOYD and CARPENTER, JJ., concur.