### OZIAS, Appellant, v. RENNER et al., Appellees.

Ohio Appeals, Second District, Preble County.

No. 116.   Decided September 26, 1945.

Tanner & Tanner, London, for appellant.
Walter H. Earley, Eaton, for appellees.

## OPINION

BY THE COURT:

Submitted on motion of Clifford W. Ozias, appellant, to dismiss as parties defendant herein, C. B. Renner, Harry Moots and Alma Moots, purchasers of the several tracts of land described in the petition, for the following reasons:

(1) They were made party defendants by the Probate Court subsequent to the sale of the premises and are not persons required as defendants under §10510-15 GC of Ohio.

(2) They are not necessary parties to a complete determination or settlement of the questions involved in this case.

(3) They have no controversy adverse to the plaintiff.

The record discloses that on February 20, 1945, the appellant filed an application to set aside the sale made under a former order of the Probate Court of Preble County, Ohio, and that on the same date the purchasers filed their motion

asking to be made defendants for the purpose of opposing the application, which latter motion was allowed and the purchasers were made defendants. The application to set aside the sale to the defendants was for the reason that the price was wholly inadequate. This application was denied and the sale of the property to these defendants was approved and confirmed by the Court. See entry of March 3, 1944. **Sec. 10510- 15 GC** provides as follows:

"In such action by an executor or administrator the following persons shall be made parties defendant * * *:

"6. All other persons having an interest in such real estate."

The record discloses that it was subsequent to the sale and prior to the confirmation of the sale by the Probate Court that these purchasers were made parties-defendant to the action upon their motion. At this stage of the procedure these defendants were not parties in interest, but after the sale was approved and confirmed by the Court, their interest in the real estate vested and they became necessary parties and are, therefore, proper parties to this appeal.

It was held in the case of Ackerman, Receiver, v. Cornell, 14 C. C. N. S., 525, that a purchaser at a sheriff's sale under a decree for foreclosure is sufficiently a party to the action in which the sale is made to prosecute error to the Circuit Court to reverse the judgment of the Court of Common Pleas, upon a motion sustained by said Court in setting aside the sale of the real estate made by the sheriff.

Also, in **Beckman v Supply Company, 9 Oh Ap 168,** it was held that a purchaser at sheriff's sale can prosecute error to reverse the judgment sustaining the motion to set aside such sale.

In the case of **Bates v State, 130 Oh St 133,** the Court held that a purchaser at a judicial sale becomes a party to such proceeding for the purpose of protecting himself and correcting mistakes as to matters connected with the sale, and that he may not subsequently resort to a collateral attack upon the entry of confirmation relating thereto.

It is our conclusion that these defendants are proper parties in this action, and the motion is accordingly overruled.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.