Mitchell et al., Appellees, *v.* Crain et al., Appellants.\*

(No. 5104—Decided December 1, 1958.)

\*Motion to certify the record overruled, June 3, 1959.

*Mr. Clifford W. Brown* and *Mr. Edward J. Hagerty,* for appellees.

*Mr. George E. Ferstle* and *Mrs. Jane Meyers Sutter,* for appellant Viola Crain.

Fess, J. This is an appeal on questions of law and fact from an order of the Common Pleas Court in an action for partition vacating and setting aside a sale of real estate at public auction to appellant and, after directing the return of any purchase money, ordering the sheriff to readvertise and resell the property. Appellees move to dismiss the appeal on the ground that the appeal is not taken from a final order and upon the further ground that the order from which the appeal on questions of law and fact is taken "does not involve the class of action on which an appeal on questions of law and fact can be maintained as prescribed by" Section 2501.02, Revised Code.

A final order from which an appeal may be taken is defined by the Code as an order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, etc. Section 2505.02, Revised Code. Although partition is a matter of equitable jurisdiction and among those classes of action appealable on questions of law and fact (Section 2501.02, Revised Code) the action provided by statute (Chapter 5307, Revised Code) is a civil action and not a special proceeding. *Mack* v. *Bonner,* 3 Ohio St., 366, 367; *Stableton* v. *Ellison,* 21 Ohio St., 527; *Linton* v. *Laycock,* 33 Ohio St., 128; *McRoberts* v. *Lockwood,* 49 Ohio St., 374, 34 N. E., 734; Cf. *Wagner* v. *Armstrong,* 93 Ohio St., 443, 113 N. E., 397; *Russell* v. *Russell,* 137 Ohio St., 153, 28 N. E. (2d), 551. It is said that a final order or judgment is one disposing of the whole case or some separate or distinct branch thereof. 2 Ohio Jurisprudence (2d), 600. It is said also that the "final orders" included in the term "judgments" as used in the Constitution, are limited in application to acts or decrees of the court which give final effect to the central purpose of some independent branch of the litigation, *finality being the touchstone in the determination of that*

*quality. Hoffman* v. *Knollman,* 135 Ohio St., 170, 20 N. E. (2d), 221 (order granting a new trial); *State* v. *Smith,* 135 Ohio St., 292, 20 N. E. (2d), 718 (order granting defendant's motion for inspection of confessions); *Hymel* v. *Bing, Exr.,* 67 Ohio App., 432, 31 N. E. (2d), 112 (order overruling motion to dismiss will contest); *Stautzenbach, Admr.,* v. *Fritz,* 71 Ohio App., 251, 49 N. E. (2d), 180 (order staying proceedings for duration of war); *Swank* v. *Wilson,* 80 Ohio App., 58, 74 N. E. (2d), 773 (order setting aside report of commissioners in a partition case).

Notwithstanding the lack of finality of the order in the instant case setting aside the sale in partition and ordering a re-sale, there appears to be some contrariety of opinion in Ohio on the subject. Many years ago the Supreme Court held that no appeal would lie from the decision of the Probate Court setting aside or refusing to confirm a sale made by an assignee for the benefit of creditors. *Aultman, Miller & Co.* v. *Assignees of J. F. Seiberling Co.* (1877), 31 Ohio St., 201. In that case, upon the refusal of the Probate Court to confirm the sale, an appeal was taken to the Common Pleas Court, which confirmed the sale. On error, the district court affirmed the judgment, which in turn was reversed by the Supreme Court upon a proceeding in error. In its opinion, the court points out that the nature of appeals in Ohio differs from appeals in many states since the effect of an appeal in Ohio is to vacate the order, decision or decree appealed from, and to remove the entire cause to the reviewing court. Hence it had been uniformly held in Ohio that no appeals were allowable, except from such decisions as were, in their nature, final. The court concludes:

"The refusal to confirm the sale concludes no rights of property. True, it does settle that the inchoate agreement is not to be completed; but, until confirmed by the judge, the agreement is imperfect. Confirmation is essential to make it complete and binding.

"The refusal to confirm, or the setting aside a sale, unlike its confirmation, leaves the property undisposed of, to be again offered for sale, and giving all desiring to purchase an equal opportunity to do so.

"Without, therefore, saying that an appeal may not be

taken in the case of a confirmation of sale, we are unanimous in the opinion that, in the case of a refusal to confirm, there is no appeal.'"[1]

In *Reeves* v. *Skenett, Jr.* (1862), 13 Ohio St., 574, the court had held that no appeal would lie from an order of the Common Pleas Court confirming or refusing to confirm a sale under a foreclosure decree and that a petition in error furnished the only mode of review. But in *Browne* v. *Wallace* (1899), 60 Ohio St., 177, 53 N. E., 957, after distinguishing the *Reeves* and *Aultman* cases, the Supreme Court held that an appeal would lie from the Probate to the Common Pleas Court from a judgment confirming a sale under the insolvency laws.

With regard to appeals in partition cases, prior to the adoption by the Code of Civil Procedure, it was held that an appeal would lie from an order entered in an action for partition brought in chancery, but that there was no appeal from a judgment of the Common Pleas Court under the then so-called statute for partition. *Doane* v. *Fleming* (1832), Wright, 168; *Hoy* v. *Hites* (1842), 11 Ohio, 254. But after the adoption of the Code it was held that the Act of March 23, 1852, provided for appeals in all final judgments *in civil cases* at law, decrees in chancery, etc., stating that since a petition for partition was neither a suit in chancery nor a common-law action, but a civil suit or proceeding prescribed by statute, an appeal would lie from an order dismissing the petition. *Mack* v. *Bonner* (1854),

---

[1]As in the past, under the present practice as specifically required by the provisions of Section 2501.02, Revised Code, the effect of an appeal on law and fact is to vacate the order, decision or decree appealed from and remove the entire cause to the reviewing court for trial *de novo* as if the cause had never been tried below. *Knowlson* v. *Bellman*, 160 Ohio St., 359, 116 N. E. (2d), 430; *Widmer* v. *Fretti*, 95 Ohio App., 7, 116 N. E. (2d), 728; 3 Ohio Jurisprudence (2d), 255, Section 353. On the other hand an appeal on questions of law does not necessarily bring the entire case before the appellate court but affects only the final order sought to be reviewed. As to the remainder of the case, the trial court retains all jurisdiction not inconsistent with that of the appellate court to review the particular order or judgment. 3 Ohio Jurisprudence (2d), 253-254, Section 352.

In the instant case where an appeal on law and fact is taken from an interlocutory order, an anomalous situation arises which would seem to require this court to try *de novo* in its entirety a partition case.

3 Ohio St., 366. It was again held that no appeal would lie under the special statutory proceeding for partition (*Barger* v. *Cochran* [1864], 15 Ohio St., 460), but that a civil action for partition where the case depended upon the determination of equitable questions was appealable. *Linton* v. *Laycock* (1877), 33 Ohio St., 128. Prior to 1912, in *McRoberts* v. *Lockwood* (1892), 49 Ohio St., 374, 34 N. E., 734, it was held that the final judgment from which an appeal might be taken was not an order made in confirming or setting aside the proceedings of the commissioners or of the sheriff in aparting or selling the premises, but was the order which found the parties to be entitled to partition, ascertained and declared the portion of each and ordered the share of each to be aparted to the several owners. But after the adoption of the 1912 amendment to the Constitution, the court held that the *McRoberts case* no longer controlled and that the confirmation of the report of the commissioners and order of sale was a final order affecting the appellant's substantial rights, because such order finally excluded the appellant from her right to have the real estate aparted to her, compelled her to allow her property to be offered for sale to the public, and required her to compete with the public in attempting to reacquire a portion of her own property. *Johnston* v. *Deaton*, 105 Ohio St., 285, 137 N. E., 10.

So much with regard to decisions of the Supreme Court. In *McArthur Bros.* v. *Central Trust Co.* (1900), 12 C. D., 149, 21 C. C., 654, it was held that the refusal to set aside a master's sale of the property of a railroad might be preserved in the record for review on error in proceedings to reverse the order of confirmation of the sale, but that the refusal to set aside a sale was not a final order which might itself be reviewed on error. In *Ackerman, Recr.,* v. *Cornell* (1912), 14 C. C. (N. S.), 525, 23 C. D., 102, without considering whether the order was final, the Court of Appeals for Richland County reversed an order setting aside a sheriff's sale in a foreclosure action and held that the purchaser at the sale is sufficiently a party to the action to prosecute error. In *Beckman, Trustee,* v. *Emery-Thompson Machinery & Supply Co.,* 9 Ohio App., 168, an order setting aside a sheriff's sale upon foreclosure of real and chattel property of a manufacturing business and appointing a receiver therefor,

148

after confirmation of the sale, was held to be a judgment from which error would lie to the Court of Appeals. It is to be observed that the order followed the confirmation of sale and also that the persuasive weight of the decision is weakened by reliance upon *Niles* v. *Parks*, 49 Ohio St., 370, and *Ackerman, Recr.*, v. *Cornell, supra,* in neither of which cases was the question of the finality of the order appealed, raised or decided. In *Lake Shore Saw Mill & Lumber Co.* v. *Cleveland Realization Co.* (1919), 11 Ohio App., 387, the refusal of the court to confirm a sale by the sheriff in a foreclosure proceeding was held not to be an abuse of discretion and the judgment affirmed without considering the finality of such judgment. In *Wheeler* v. *Lorenz* (1926), 21 Ohio App., 218, the Court of Appeals for Lucas County held that an order setting aside a sheriff's sale made on execution is a final order from which a proceeding in error might be prosecuted. The court distinguished the *McArthur case* on the ground that the order therein found not final was not one setting aside the sale but one refusing to set aside the sale and said:

"It is easy to see that an order refusing to set aside a sheriff's sale should be held not to be final, because such an order would leave the reported sale still before the court for action; the sale being neither confirmed nor set aside."

The court apparently overlooked the fact that the claimed error could be preserved and reviewed upon an appeal from the order confirming the sale. Again in *Sullins* v. *Burry* (1930), 39 Ohio App., 556, 177 N. E., 378, the same court said, in passing upon the principal question, that a purchaser at an execution sale could prosecute error to the court's action in setting aside such sale. In *C. E. McCune Co.* v. *Warndorf* (1936), 55 Ohio App., 279, 9 N. E. (2d), 709, the Court of Appeals for Butler County followed and approved *Wheeler* v. *Lorenz* and held that an order overruling a defendant's motion to set aside an execution is an order affecting a substantial right in a summary proceeding after judgment from which error lies to the Court of Appeals.

It is to be observed that the decisions relating to sales upon execution fall within that class of orders referred to in Section

2505.02, Revised Code, as "an order * * * upon a summary application in an action after judgment." See 2 Ohio Jurisprudence (2d), 627-628, 663. In the instant case the sale follows as a consequence of the judgment finding that the property can not be aparted in kind and ordering the sale, but the order confirming or vacating the sale is not one "upon summary application in an action after judgment" within the contemplation of the statutory provision. Although the situation with respect to refusing to confirm a sale upon execution is analogous to that incident to refusing to confirm or vacating a sale in partition, we are inclined to follow the reasoning applied by the Supreme Court in partition cases, and hold that the final orders from which appeals may be had in partition are limited to the order of partition and the order confirming the sale. So-called interlocutory orders such as vacating the sheriff's sale do not have such finality as to accord the right of appeal. In *Swank* v. *Wilson* (1947), 80 Ohio App., 58, 74 N. E. (2d), 773, in a well-considered opinion, the court concludes that an order setting aside the report of the commissioners aparting real estate is not a final order. The court refers to *Wagner* v. *Armstrong, supra,* and says:

"The importance of that decision, so far as we are concerned, lies in the last few quoted words. While appeal does lie in a chancery case, it can be only *'under such terms and procedure as may be provided by law.'* " (Italics supplied.)

The court then refers to *Hoffman* v. *Knollman,* 135 Ohio St., 170, 20 N. E. (2d), 221, and applying the principle therein announced with respect to the finality of an order granting a new trial *sua sponte,* dismissed the appeal.

It is quite difficult to comprehend the reasoning and logic underlying decisions of the Supreme Court which lead to the conclusion that an interlocutory or nonappealable order is converted into a final order affecting the substantial right of a litigant by conduct constituting an abuse of discretion on the part of the trial court in granting or refusing such an otherwise nonappealable order. Nevertheless, the Supreme Court has consistently reiterated that the granting of a motion for a new trial is not a judgment or final order unless it appears that the trial

court has abused its discretion in granting such order. 2 Ohio Jurisprudence (2d), 641.[2]

Decisions holding that interlocutory orders involving abuse of discretion are final appealable orders, have arisen upon error or appeals on questions of law only. It occurs to us that in a chancery case where there is an abuse of discretion, technical or otherwise, in the entry of an interlocutory order, the appellant should not be entitled, upon an appeal on questions of law and fact, to a trial *de novo* of the entire case, but that the review should be limited to one on questions of law only with respect to the particular order appealed, particularly in a case wherein no equitable questions are to be determined. *Forest City Invest. Co.* v. *Haas,* 110 Ohio St., 188, 143 N. E., 549, overruling *Thompson* v. *Denton,* 95 Ohio St., 333, 116 N. E., 452; *State, ex rel. Crotty,* v. *Zangerle,* 30 Ohio Law Abs., 505, 30 N. E. (2d), 1022; Cf. *Pierce* v. *VanGunten,* 88 Ohio App., 133, 98 N. E. (2d), 71. It is therefore concluded that since no equitable question was determined by the trial court in the instant case, that the appeal on questions of law and fact should be dismissed and that the case be retained on questions of law, pending review of the record to ascertain whether the trial court abused its discretion.

We have therefore examined the record to determine whether the court abused its discretion in vacating the sale and ordering resale of the real estate.[3]

At the hearing upon the motion to vacate the sale, the evidence disclosed that eight properties were offered for sale. In announcing each sale, the deputy sheriff read the case number,

[2]In his concurring opinion in *Lehman* v. *Haynam,* 164 Ohio St., 595, 133 N. E. (2d), 97, Judge Taft remarks that the majority opinion has apparently recognized by inference that an order, granting a new trial for a supposed error of law which did not amount to an error, would represent an abuse of discretion and thus be reviewable on appeal. See, also, *Gray* v. *Youngstown Munic. Ry. Co.,* 160 Ohio St., 511, 117 N. E. (2d), 27; *Richards* v. *Industrial Comm.,* 163 Ohio St., 439, 127 N. E. (2d), 402. See, also, *Dansby* v. *Dansby,* 165 Ohio St., 112, 133 N. E. (2d), 358, saying (p. 115—not carried into the syllabus) that the refusal of the court on motion to make a divorce petition definite and certain constitutes an abuse of discretion.

[3]Since the appeal on law and fact has been dismissed, we have not considered the depositions taken in this court.

the names of the parties, the legal description as well as the street address of the property.

Appellees with two companions and appellant, accompanied by her attorney, attended the sale. The parcel in question was appraised at $10,000. Appellees were prepared to bid up to $8,500 or $9,000. Upon the offering of the first property for sale, after the bidding had reached $7,500, the appellees submitted a bid on such property and it was sold to them. Upon inquiry, appellees discovered that they had bid upon a parcel in which they had no interest, and after consultation with the assistant prosecuting attorney, they were permitted to withdraw their bid and the parcel was reoffered and resold. The third parcel was then sold for $9,000. Under the mistaken belief that it was the one in which appellees were interested, appellees left the scene of the sale and did not return. The premises involved in this case was the last property offered for sale. At the sale, after several bids were offered by real estate brokers, the property was announced as sold to appellant for $7,025, upon which sale appellant made a deposit of $100.

There is no evidence tending to show that either appellant or her attorney or any one else misled appellees or their companions at the sale. Under the mistaken belief that the parcel in question had been sold for $9,000, they departed without making any further inquiry.

In the absence of fraud, irregularity or misconduct affecting the validity of a judicial sale, such sale will not be set aside and confirmation refused in order to allow the bid of the purchaser to be advanced by another bidder. *Ackerman, Recr.,* v. *Cornell,* 14 C. C. (N. S.), 525, 23 C. D., 102. In that case, in which no question was raised concerning the proceeding in error, the Circuit Court upon review of the record found the proceedings and sale had duly and legally been made in conformity with statutory provisions and approved and confirmed the sale. In *Wheeler* v. *Lorenz supra,* where the purchaser at an execution sale bid off the property under misapprehension that he could apply his mortgage in payment of the purchase price, it was held that the setting aside of the sale was no abuse of discretion.

It has been held also that mere inadequacy of price unaccompanied by any other reason or cause, is not sufficient ground for setting aside a judicial sale of real estate regularly made in accordance with law, unless such inadequacy raises a conviction that the property was unnecessarily sacrified. *Ozias* v. *Renner*, 78 Ohio App., 168, 64 N. E. (2d), 326.[4]

The Court of Appeals of the Eighth District in *Central Natl. Bank of Cleveland* v. *Ely* (1942), 37 Ohio Law Abs., 18, 44 N. E. (2d), 822, holds that where a purchaser at a judicial foreclosure sale, upon becoming the successful bidder deposits the full purchase price with the sheriff, and the proceedings are in all respects regular, in the absence of any legal grounds for withholding confirmation, it is the duty of the court to confirm the sale and upon confirmation the purchaser is vested with an equitable title which merges into the legal title so far as it is within the power of the sheriff to transfer legal title upon delivery of the deed, that a court cannot, under Section 11688, General Code (Section 2329.31, Revised Code) arbitrarily refuse confirmation. The court holds also that the vacation of an order for such a judicial sale and its confirmation constitutes an abuse of discretion and reversible error where there are no grounds whatsoever justifying the same. The opinion recognizes that if there be legal grounds for withholding confirmation, such as fraud or mistake, the court should not confirm the sale. It is to be noted further that in the *Ely case* the appeal was taken from an order vacating the order confirming the sale, whereas, in the instant case, the order setting aside the sale is to be regarded as tantamount to refusing to confirm the sale to appellant.

Although the question is not free from doubt, we are in-

---

[4]It is of some interest to note that in the previous opinion, 78 Ohio App., 166, 64 N. E. (2d), 325, it is held that in a proceeding to set aside a judicial sale of real estate on the grounds of the insufficiency of the purchase price, the purchasers are not parties in interest before the court's confirmation of the sale, but after such confirmation then interests in the real estate vest and they become necessary parties. In *Beckman* v. *Emery-Thompson Machinery & Supply Co., supra*, it was held that a purchaser at sheriff's sale may prosecute error to reverse a judgment setting aside such sale. See, also, *Bates* v. *State, ex rel. Fulton*, 130 Ohio St., 133, 198 N. E., 34. In the instant case, the appellant as the holder of an undivided half interest in the real estate is a necessary party having an interest in the outcome of the suit.

clined to follow *Ackerman* v. *Cornell, supra,* and *Central National Bank* v. *Ely, supra,* and hold that in vacating the sale in the instant case, the court committed a technical abuse of discretion.

The judgment is reversed, and it appearing that the sale was regularly made according to law, the sale to Viola Crain is hereby approved and confirmed, the Sheriff of Lucas County is ordered to make to the purchaser a deed for the property so sold by him to her, upon the payment of the full purchase price of the premises, and the cause remanded to the Common Pleas Court for further proceedings according to law.

*Judgment reversed.*

DEEDS and SMITH, JJ., concur.