OPINION
This cause comes on appeal from a January 26, 2001 judgment of the Common Pleas Court rescinding an order entered January 24, 2001, and reinforcing an Order of Public Sale in Partition entered on November 22, 2000.
The original order in partition establishing one-fourth interests of the parties (children of decedent) was entered on March 10, 2000. As the parties with conflicting interests had each elected to take the real property at its appraised value, it was ordered sold at public sale.
On November 22, 2000, the trial court ordered a sale for not less than two-thirds of the appraised value ($178,000), with a required deposit of ten percent (10%) and the balance to be paid on confirmation and deed. No appeal was taken from either the March 10, 2000 order in partition nor the November 22, 2000 order setting a public sale. Instead, appellants attempted to have the order of public sale modified by permitting installment payments of the purchase price as permitted by R.C. 5307.12. The motion to modify was overruled on December 11, 2000.
Subsequently, on January 24, 2001, the trial court signed a new Order of Sale in Partition which had been submitted by appellants. This new Order of Sale provided for the payment in installments of the purchase price, despite the original order having a different provision and the trial court having denied a motion to modify the order the month before. Two days later, the trial court rescinded its modification order of January 24, 2001 and reaffirmed its original Order of Public Sale filed on November 22, 2000. Appellants appealed and from this court obtained a temporary stay of the public sale which had been scheduled for February 20, 2001. On March 5, 2001, after hearing, this court set aside the temporary stay, ordered appellants to pay all costs associated with the postponed public sale and deferred ruling on a pending motion to dismiss this appeal. On February 23, 2001, appellees filed a motion to dismiss for lack of a final appealable order. Appellants responded to the motion, asserting that the trial court abused its discretion in approving the Order of Sale in Partition submitted by appellees.
On April 26, 2001, this court overruled the motion to dismiss with a reservation of the right to reexamine the jurisdictional issue upon further consideration of the case history and applicable law. A briefing schedule was also established.
Thereafter, on June 1, 2001, appellants filed a motion to stay the issuance of a sheriff's deed and confirmation of sale. On June 5, 2001, appellees filed a memorandum in opposition to the stay. On June 25, 2001, appellees filed a motion to dismiss on the grounds of mootness, as the property was sold at sheriff's sale to appellees for the sum of Two Hundred and Three Thousand Dollars ($203,000).
On June 29, 2001, appellants filed a merit brief claiming error by the trial court in rescinding its Order of Sale entered on January 24, 2001.
We have reexamined the jurisdiction of this court to proceed and conclude that the order appealed is not final and appealable under R.C.2505.02.
 ANALYSIS
It is established law that in a partition action, it is the order of partition and the order confirming sale which are final appealable orders. Mitchell v. Crain (1958), 108 Ohio App. 143. Mitchell involved an appeal from an order vacating a public auction and ordering the sheriff to readvertise and resell the property. The Mitchell court proceeded to review the decision on an abuse of discretion standard upon a determination that the trial court made no equitable decision and the case was to be retained on a question of law. Mitchell, supra at 150.Mitchell rationalized that interlocutory nonappealable orders were subject to review upon an assertion that the issuing court had abused its discretion. In this case, there was no appeal filed from the order establishing respective interests of the parties and a confirmation order has not yet been filed.
A case which parallels the proceedings in this matter is Durnbaugh v.Sutton (Nov. 7, 1991), Greene App. Nos. 90CA141, 91CA14, unreported. In that case, on October 16, 1990, the trial court overruled the elections of both parties and ordered a public sale. One party moved to terminate the public sale and grant her election. That motion was overruled on December 4, 1990 and appellant appealed. The following month the property was sold at sheriff's sale and the sale was confirmed.
In concluding that the December 4, 1990 order was not a final appealable order, the Durnbaugh court reasoned:
 "The rights of the parties concerned in the order of December 4, 1990, from which appeal was taken were actually determined in the earlier order of October 16, 1990, which approved the report of the appraisers, overruled the elections of both parties and ordered a public sale. That order of October 16, 1990 affected a substantial right. It was [*5] made in a statutory proceeding, i.e., for partition pursuant to R.C. 5307.03, et seq. The order and proceeding constitute a `special proceeding' and a final order thereunder per the rule and test of Amato, supra. The entry and order of October 16, 1990, were akin to an order for foreclosure and sale, which is a final order. Oberlin Sav. Bank v. Fairchild (1963), 175 Ohio St. 311. The later entry of December 4, 1990, decided what was, essentially, a `motion for reconsideration' of the earlier final order of October 16, 1990. Appeals will not lie from orders denying motions for reconsideration. Pitts v. Transportation Co. (1981), 67 Ohio St.2d 378."
While "special proceeding" has been redefined since the cited case and is now incorporated in the definitions section of R.C. 2505.02, that is not controlling of our analysis of our jurisdiction in this matter.
The order of January 24, 2001 was tendered by appellants in conformity with their view as to how the partition sale should proceed. Under R.C.5307.12:
 "A sale of an estate under section 5307.11 of the Revised Code shall be made at the door of the courthouse, unless for good cause the court of common pleas directs it to be made on the premises. The sale shall be conducted as upon execution, except that it is unnecessary to appraise the estate; but it shall not be sold for less than two thirds of the value returned by the commissioner or commissioners. Unless by special order, on good cause shown, the court directs the entire payment to be made in cash, the purchase money shall be payable one third on the day of sale, one third in one year after the sale, and one third in two years after the sale, with interest."
That order was a significant modification to the original order of November 22, 2000 requiring the balance to be paid in full upon "confirmation and deed."
It is within the court's authority to accelerate the payment schedule where there is animosity between the tenants and the need to separate the parties interests as soon as possible is manifest on the record. Sword v.Sword (1993), 86 Ohio App.3d 161.
The record in this case is replete with evidence of good cause to require accelerated payment. The matter has been pending for two years. Appellants attempted removal of the case to Federal Court and had impeded the public sale by submitting and obtaining court approval of their own Order of Public Sale in Partition, contrary to the first order and after their motion to modify had been denied. Once the court realized its error, it immediately rescinded the modified order.
On consideration of the procedural history and various orders entered, we find that the modified order of January 24, 2001, and recission order of January 26, 2001, were nothing more than a denial of an attempted reconsideration of the original Order of Public Sale in Partition entered on November 22, 2000. A denial of a motion for reconsideration is not a final appealable order. Pitts v. Transportation Co. (1981),67 Ohio St.2d 378.
Additionally, the assigned error claims an abuse of discretion in the court's ordering that the sale price be paid in full upon confirmation rather than the statutory allowance of one-third payments at confirmation and successive years. The order establishing method of payment was entered on November 22, 2000. Appellants did not appeal that judgment and cannot now be heard to complain.
Accordingly, we find that we lack jurisdiction to review the order entered on January 26, 2001. Motion to dismiss this appeal is sustained. Appeal dismissed. Pending motions dismissed in conjunction with the dismissal of this appeal.
Costs taxed against appellants.
Vukovich, J., concurs.
Donofrio, J., concurs.
Waite, J., concurs.