THE STATE, EX REL. MILLER, PROSECUTING ATTORNEY, ET AL., APPELLANTS, *v.* STICKLES, A.K.A. DICK PONTIAC, APPELLEE.

(No. 88AP-525—Decided
December 27, 1988.)

*Michael Miller,* prosecuting attorney, and *Jeffrey L. Glasgow,* for appellants.

*Richard Stickles, pro se.*

REILLY, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas.

Appellants, the state of Ohio, ex rel. Miller et al., filed an action to enjoin appellee, Richard Stickles, a.k.a. Dick Pontiac, from maintaining a nuisance on his premises at State Route 665 in Jackson Township in southern Franklin County. The referee conducted a view of the premises, which is approximately five acres of land, upon which there are situated a large number of inoperable automobiles, buses and other miscellaneous items. The majority of the automobiles are 1956, 1957, 1958 and 1959 Pontiacs.

At the conclusion of the hearing, the court found that all of the automobiles and buses were collector's vehicles and were exempt from the operation of the Jackson Township Zoning Resolution. R.C. 4513.65.

Appellants appealed the trial court's decision and this court reversed the judgment, and the cause was remanded for a determination of the value of the automobiles alleged to be collector's vehicles. This court also ordered the removal of the buses and a step-van from the premises since legally they constituted junk. Further, this court found that it was error for the trial court to find that all of the cars on defendant's property were "collector's vehicles," as defined in R.C. 4501.01 (F).

The trial court referred the case to a referee for trial of issues consistent with the remand of this court. The referee rendered a report, which was adopted by the trial court. The trial court's judgment reads in part:

"Upon consideration of the parties' memoranda before the court this Court hereby overrules the objections of the Plaintiff and approves and adopts as its own the findings of said Report.

"Accordingly, this Court finds that 399 of the 427 cars on Defendant's property are collector's vehicles pursuant to O.R.C. 4501.01(F) and it is concluded that it is not a requirement of O.R.C. 4501.01(F) that title be in the name of the Defendant."

Appellants advance the following assignment of error:

"The finding that 399 of the automobiles maintained on appellee's premises are collector's vehicles was not proved by a preponderance of the evidence."

Appellants' assignment of error is not well-taken. The referee's report was based on a trial, including documentary evidence and testimony, as well as a visit to the site, where four hundred twenty-seven vehicles were seen by the referee, who found that three hundred ninety-nine of the cars were collector's vehicles.

R.C. 4501.01(F) reads, in part:

" 'Collector's vehicle' means any motor vehicle or agricultural tractor or traction engine of special interest having a fair market value of one hundred dollars or more, whether operable or not, that is owned, operated, collected, preserved, restored, maintained, or used essentially as a collector's item, leisure pursuit, or investment, but not as the owner's principal means of transportation. * * *"

Vehicles applicable to the above definition are exempt from R.C. 4513.65, which defines and regulates

storage of a motor vehicle held for collector's purposes:

"No political subdivision shall prevent a person from storing or keeping, or restrict him in the method of storing or keeping, any collector's vehicle on private property with the permission of the person having the right to the possession of the property; except that a political subdivision may require a person having such permission to conceal, by means of buildings, fences * * *."

It is noteworthy that the above code sections do not include a requirement that a valid and marketable title must be vested in the person possessing the vehicle to be classified as collector's vehicles. Marketable title is not relevant to the issue of a collector's vehicle's identity. In any event, the title could be acquired through the established procedures of the Bureau of Motor Vehicles.

The evidence, including the testimony of James Malloy, a qualified expert on collectible vehicles, as well as data from the trade magazine "Old Cars Guide," supports the referee's recommendation and the judgment of the trial court. Hence, the finding that three hundred ninety-nine of the automobiles maintained on defendant's property are collector's vehicles was proved by the preponderance of the evidence.

Appellants' assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MCCORMAC and LYNCH, JJ., concur.

JOHN J. LYNCH., retired, of the Seventh Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.