**HOWARD, Appellee,**

v.

**KUEHNERT et al., Appellants.**

[Cite as *Howard v. Kuehnert* (1994), 94 Ohio App.3d 742.]

Court of Appeals of Ohio,
Franklin County.

No. 93APE08–1209.

Decided May 10, 1994.

*Cohen & Stein Co., L.P.A.,* and *David K. Stein,* for appellee.

*Day, Cook & Gallagher, David L. Day* and *Carl A. Anthony,* for appellants.

---

BOWMAN, Judge.

Appellee, Patricia Howard, was employed as a secretary/receptionist by appellants, Carl and Elizabeth Kuehnert, from April 1, 1989 until she was discharged on January 9, 1992. After her employment was terminated, Howard filed suit against the Kuehnerts alleging handicap discrimination, breach of contract, promissory estoppel, and intentional and negligent infliction of emotional distress. The trial court sustained appellants' motion for a directed verdict as to the claims for breach of contract, and intentional and negligent infliction of emotional distress. Appellants' motion for a directed verdict on the issues of handicap discrimination and promissory estoppel was overruled and the issues were submitted to the jury. When the jury was unable to reach a verdict, the trial court discharged the jury and set the case for another trial. Although no verdict was returned, appellants filed a Civ.R. 50(B) motion for judgment notwithstanding the verdict, which was overruled.

Appellants set forth the following assignments of error:

"Assignment of Error No. 1

"The trial court erred in overruling defendants' motion for directed verdicts at the end of the plaintiff's case and at the end of defendants' case and defendants' Civ.Rule 50(B) motion on plaintiff's claim of promissory estoppel.

"Assignment of Error No. 2

"The trial court erred in overruling defendants' objection to Dr. Woodard's opinion that the conditions for which he treated the plaintiff were within the scope of Sec. 4112.01, Rev.Code.

"Assignment of Error No. 3

"The trial court erred in overruling defendants' motions for directed verdict at the end of the plaintiff's case and at the end of defendants' case and defendants' Civ.Rule 50(B) motion on plaintiff's claim of handicap discrimination."

■ Appellee has filed a motion to dismiss on the basis there is no final appealable order. In response, appellants argue the order is a final order based on *Bridge v. Metro. Life Ins. Co.* (1944), 142 Ohio St. 521, 27 O.O. 441, 53 N.E.2d 350. In *Bridge,* the court held, at paragraph one of the syllabus:

"The overruling of defendant's motion for judgment in his favor, in a civil action in a court of record, after a disagreement of the jury, is a final order from which an appeal may be taken to the Court of Appeals."

In *Bridge,* the court did not discuss how granting a judgment notwithstanding the verdict following a declaration of a mistrial and when no verdict was reached met the definition of a final order set forth in G.C. 12223–2, now R.C. 2505.02. Given the substantial changes in civil procedure in the fifty years since *Bridge* was decided and the Ohio Supreme Court's development of the definition of "final order," we find *Bridge* is not dispositive of the issues raised by appellee's motion to dismiss.

R.C. 2505.02 defines a "final order" as:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

An order overruling a judgment notwithstanding the verdict, following a mistrial where no verdict was reached, does not fall within any of the three types of orders defined in R.C. 2505.02.

■ The first type of final order must be one that: (1) affects a substantial right; (2) in effect determines the action; and (3) prevents a judgment. To constitute a final order, all three conditions must exist. *Bellaire City Schools Bd. of Edn. v. Paxton* (1979), 59 Ohio St.2d 65, 13 O.O.3d 58, 391 N.E.2d 1021. A "substantial right" was defined in *State ex rel. Hughes v. Celeste* (1993), 67 Ohio St.3d 429, 430, 619 N.E.2d 412, 414, as a "legal right enforced and protected by law." An order, which deprives a person of a remedy which he would otherwise possess, deprives that person of a substantial right. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64.

In this instance, appellants have not been denied a substantial right or a remedy. The matter has been set for a new trial, at which time appellants would have an opportunity to renew their motion for a directed verdict. If appellants have a verdict rendered against them at the next trial, appellants will have an additional opportunity to make a motion for judgment notwithstanding the verdict. In any event, should appellants be unsuccessful at trial, the judgment is

subject to appellate review. Clearly, overruling a motion for judgment notwithstanding the verdict following a mistrial, in which the jury did not reach a verdict, does not determine an action or prevent a judgment. Since the jury was unable to reach a verdict, the action has yet to be determined and judgment reached.

The second type of final order is one affecting a substantial right made at a special proceeding or a summary application made after judgment. A "special proceeding" was defined in *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, at the syllabus:

"Orders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02. * * * "

In reaching its definition of a special proceeding, the court in *Polikoff* relied on *In re Estate of Wyckoff* (1957), 166 Ohio St. 354, 357, 2 O.O.2d 257, 259, 142 N.E.2d 660, 663, which stated:

"We think it can accurately be said that the term, 'civil action,' as used in our statutes embraces those actions which, prior to the adoption of the Code of Civil Procedure in 1853 abolishing the distinction between actions at law and suits in equity, were denoted as actions at law or suits in equity; and that other court proceedings of a civil nature come, generally at least, within the classification of special proceedings."

The gravamen of appellee's complaint is that she was wrongfully discharged from her employment, a cause of action which was recognized at common law. Therefore, this action was not a special proceeding. Further, the order herein was not a summary application made after judgment, such as an order to execute on a judgment, and no judgment has yet been rendered.

Last, the order did not set aside a judgment, as no judgment has been rendered, and does not grant a new trial. "New trial," in the context of R.C. 2505.02, was defined by this court in *Newark Shopping Ctr. v. Morris Skilken & Co.* (1964), 5 Ohio App.2d 241, 242, 34 O.O.2d 377, 378, 214 N.E.2d 674, 674–675, as:

" * * * [A] re-examination, in the same court, of the issues after a final order, judgment, or decree by the court. * * * "

Therefore, an order overruling a motion for judgment notwithstanding the verdict, made in the absence of a verdict and after the trial court declares a mistrial and sets the matter for another trial, is not a final order and appellee's

motion to dismiss is sustained. Appellants' appeal is dismissed for lack of a final appealable order.

*Motion to dismiss granted;*
*appeal dismissed.*

JOHN C. YOUNG and TYACK, JJ., concur.