CORRADI, Appellee,

v.

GENE NORRIS HONDA, INC. et al., Appellants.

[Cite as *Corradi v. Gene Norris Honda, Inc.* (1995), 106 Ohio App.3d 788.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

Nos. 94–L–053, 94–L–066.

Decided Oct. 16, 1995.

*Marc N. Silberman,* for appellee.

*Mark Fusco* and *Frank J. Groh–Wargo,* for appellants.

---

CHRISTLEY, Judge.

This action involves two appeals from two separate judgments of the Mentor Municipal Court. In both appeals, the appellants consist of the following parties: Gene Norris Honda, Inc., Brad Alexander, David Cveasco, John Gingerich, and Walter J. Nelson. The appellee in each appeal is Rebecca L. Corradi.

In October 1993, appellee initiated the instant action by filing a complaint for money damages against appellants. This complaint set forth the following allegations: (1) Alexander, Cveasco, Gingerich, and Nelson are employees of Gene Norris Honda, Inc.; (2) in September 1993, appellee entered into negotiations with the dealership and its employees to lease an automobile; (3) as part of these negotiations, appellee was asked to deposit the sum of $150 as earnest money; (4) appellee was told by Nelson that her check would not be negotiated, endorsed, or deposited until the "deal" had been finalized; and (5) nevertheless, when the deal could not be consummated, the dealership did not immediately return the $150 to appellee.

Based upon these allegations, appellee further asserted that the actions of the dealership and its employees, appellants, constituted a violation of the Consumer Sales Practices Act, R.C. 1345.01 *et seq.* For relief, she sought triple damages and attorney fees.

Prior to filing their answer to the complaint, appellants served appellee with a series of interrogatories. As part of her response to the interrogatory concerning the names of possible witnesses at trial, appellee indicated that she intended to call her attorney, Marc Silberman, as a witness on her behalf.[1]

Upon answering the complaint, appellants moved the trial court to disqualify Silberman as appellee's counsel. As the basis for this motion, they maintained that Silberman's continued representation would violate DR 5–102(A), the attorney-witness rule. The motion did not raise any claim of conflict of interest as to themselves.

---

1. Apparently, in addition to representing appellee in the action, Silberman was her employer, and had allegedly accompanied her to the dealership during her initial visit.

On March 1, 1994, the trial court issued a judgment entry on the motion to disqualify. This entry stated: *"Plaintiff's* Motion to Disqualify Counsel granted." (Emphasis added.)

Two days later, after appellee had responded to the motion to disqualify, the trial court issued a "corrected judgment entry." Evidently, the court had become aware that it confused the parties in rendering the first judgment, since the second judgment stated: *"Defendant's* Motion to Disqualify Counsel granted if *Plaintiff's* counsel is to testify." (Emphasis added.)

On March 24, 1994, appellants, the defendants in this case, filed their first notice of appeal with this court, seeking to appeal the March 3 judgment. This appeal is Lake App. No. 94–L–053. On April 13, 1994, appellee moved to dismiss the appeal for lack of a final appealable order.

Before this court could rule upon appellee's motion to dismiss, the trial court proceeded to try the merits of appellee's complaint on April 26, 1994. That same day, the trial court issued an entry in which it granted judgment in favor of appellee for the sum of $450 and attorney fees. As part of this entry, the court indicated that appellants had failed to appear for trial, that Silberman had withdrawn as appellee's counsel and had testified on her behalf, and that appellee had proceeded with new counsel.

On May 2, 1994, appellants filed their second notice of appeal, seeking to appeal the judgment on the merits. This appeal is Lake App. No. 94–L–066.

Once both appeals were pending before this court, we granted appellants' motion to consolidate. We also issued a judgment which indicated to the parties that the merits of appellee's motion to dismiss in the first appeal would be held in abeyance so that the parties could rebrief the question of jurisdiction as part of their merit briefs. This court also granted the parties leave to file supplemental briefing.

Under each appeal, appellants have raised identical assignments of error for consideration:

"1. The trial court's entry of judgment while the case was pending on appeal was jurisdictionally void.

"2. A trial court's *sua sponte* modification of its prior final order disqualifying plaintiff's counsel was jurisdictionally void."

Since the second assignment pertains to the issue of whether the first appeal, Lake App. No. 94–L–053, is properly before us, its merits will be considered first. Under this assignment, appellants first maintain that the trial

court lacked jurisdiction to modify the March 1 judgment because it was a final appealable order. Consistent with this assertion, they further submit that their first appeal should not be dismissed because the March 3 judgment was likewise a final appealable order. Both aspects of this argument are predicated upon the underlying assumption that an order granting a motion to disqualify is immediately appealable because it affects a substantial right and is rendered in a special proceeding.

If we determine that both the March 1 and March 3 judgments do not constitute final orders, then they are merely interlocutory orders subject to change, even if the change goes to the merits of the judgment. Civ.R. 54(B); *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 379, 21 O.O.3d 238, 238–239, 423 N.E.2d 1105, 1106, fn. 1.

Of course, a change or revision of an interlocutory order may raise questions concerning notice and due process; however, any abuse of any of these factors could be remedied in a subsequent appeal.

Accordingly, the trial court's jurisdiction to modify the March 1 judgment will turn upon whether that judgment was a final order. Therefore, we will first address the merits of appellants' underlying assumption concerning the finality of both judgments.

R.C. 2505.02 sets forth three basic definitions of the term "final order." The second of these definitions provides that an order of a trial court is a final order if (1) it affects a substantial right of the appealing party, and (2) it was rendered during a special proceeding.

In applying the foregoing definition to orders in which the trial court has ruled upon a motion to disqualify counsel in a civil action, the courts of this state have held that the granting of such a motion affects a substantial right of the nonmoving party. See *Ross v. Ross* (1994), 94 Ohio App.3d 123, 127, 640 N.E.2d 265, 268. Moreover, the Supreme Court of Ohio has expressly held that the granting of a motion to disqualify is an order which is rendered in a special proceeding. *Russell v. Mercy Hosp.* (1984), 15 Ohio St.3d 37, 15 OBR 136, 472 N.E.2d 695.

Similarly, the Supreme Court of Ohio has indicated that an order *denying* a motion to disqualify affects a substantial right of the *moving* party. *Bernbaum v. Silverstein* (1980), 62 Ohio St.2d 445, 446, 16 O.O.3d 461, 462, 406 N.E.2d 532, 534, fn. 2. Nevertheless, the *Bernbaum* court further held that the denial of a motion to disqualify in a civil case was not a final appealable order because it was

not an order made in a special proceeding. *Id.* at 449, 16 O.O.3d at 464, 406 N.E.2d at 535–536.

The decision in *Russell* was predicated upon the Supreme Court's application of a balancing test which had originally been adopted in the *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452. Moreover, even though the *Bernbaum* decision was rendered prior to the adoption of the *Amato* standard in 1981, the type of analysis applied by the *Bernbaum* court was similar to the type of analysis used under *Amato.*

However, subsequent to the issuance of both the *Russell* and *Bernbaum* opinions, the Supreme Court of Ohio overruled *Amato* in *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213. As a result, it is evident that there are many unanswered questions concerning when an order on a motion to disqualify will be considered an order made in a special proceeding.

However, upon fully considering appellants' argument under the second assignment, we hold that it is not necessary for us to decide whether the two orders in this case were made in a special proceeding because the nature of both orders supports the conclusion that the first requirement for a final order, that a substantial right of the appealing party has been affected, has not been satisfied.

As was noted above, the courts of this state have held that the *granting* of a motion to disqualify affects a substantial right of the *nonmoving* party. *Ross.* In addition, it has been held that the *denial* of a motion to disqualify affects a substantial right of the *moving* party. *Bernbaum.*

While the continuing validity of these particular holdings cannot be disputed, the facts of this case are readily distinguishable because the question before this court is whether the granting of a motion to disqualify in a civil matter is immediately appealable by the *movant,* rather than the nonmovant.

■ As was noted above, the March 3 judgment stated: "Defendant's Motion to Disqualify Counsel granted if Plaintiff's Counsel is to testify." By its very nature, this type of order does not affect the *moving* party's substantial rights. If the condition is satisfied, the nonmoving party's counsel will testify but will not represent appellee. Appellants, the moving parties, will have prevailed on their motion. Such a judgment would be immediately appealable only by appellee, the nonmoving party.

If the condition is not met, counsel for appellee, the nonmoving party, would not testify but would be allowed to continue his representation as counsel to appellee. Either way, the movant gets his wish because counsel for the nonmov-

ing party will not be allowed to play both roles. Accordingly, this court concludes that the March 3 judgment cannot be construed as a partial denial of appellants' motion simply because it places a condition upon the granting of the motion.

In concluding that appellants are not prejudiced under the March 3 judgment, we are assuming that appellee chose the role of her counsel in a timely fashion prior to trial. Any subsequent error as to timely notice on this issue would not be attributable to any deficiency in the March 3 judgment. Moreover, appellants could contest the failure to provide proper notice as part of an appeal from the judgment on the merits of the complaint.

In the instant matter, it is the very party who made the motion for disqualification who is now challenging the granting of that disqualification on appeal. Other than having timely notice as to what role appellee's counsel was going to play, it is difficult to see how appellants either have been, or could have been, prejudiced, much less have a substantial right affected. Thus, we fail to see how the March 3 judgment would be immediately appealable by the moving party, as it affected no substantial right of appellants.

Therefore, we hold that the March 3 judgment was not a final order from which appellants could bring their appeal. For the same reasons, we hold that, as to the appellants, the March 1 judgment was an interlocutory order which the trial court could properly revise during the course of the actions. Pursuant to this analysis, appellant's second assignment of error is not well taken.

■ Under appellants' first assignment of error, they argue that the trial court lost jurisdiction to proceed with the trial after appellants had filed their appeal from the March 3 judgment entry. Therefore, appellants maintain that the trial court's entry granting judgment for appellee is void for lack of jurisdiction.

■ As a general rule, a trial court loses jurisdiction over an action when it is on appeal, except to take actions which are collateral to those issues on appeal. *State ex rel. Special Prosecutors v. Judges* (1978), 55 Ohio St.2d 94, 9 O.O.3d 88, 378 N.E.2d 162; *Ross v. Ross* (Nov. 24, 1989), Geauga App. No. 88-G-1480, unreported, 1989 WL 143203.

In the instant case, appellants filed an appeal from the corrected judgment filed by the trial court which conditionally granted appellants' motion to disqualify counsel. The trial court's proceeding to trial while this appeal was pending before this court was not a collateral action to appellants' appeal, but rather was inconsistent with this court's authority to review the March 3 judgment. *In re Murray* (1990), 52 Ohio St.3d 155, 160, 556 N.E.2d 1169, 1174.

Although the end result of this appeal was that no final appealable order existed, that decision was one which is to be made by the appellate court, not the trial court.

Accordingly, the trial court's judgment on the merits was jurisdictionally void. Appellant's first assignment of error is well taken.

In summation, this court concludes that the March 3, 1994 judgment entry appealed in Lake App. No. 94–L–053 was not a final appealable order, and therefore, that appeal is hereby dismissed.

Furthermore, we conclude that the trial court's judgment of April 26, 1994, as appealed in Lake App. No. 94–L–066, is a nullity because the court lacked jurisdiction to render it. Accordingly, that judgment is reversed and the cause is remanded.

*Judgment accordingly.*

FORD, P.J., concurs in judgment only.

NADER, J., concurs.

FORD, Presiding Judge, concurring.

While I agree with the majority's treatment of appellant's first assignment of error, I write separately to note that I concur in judgment only with respect to appellant's second assignment of error. As a result of our resolution reversing the trial court's judgment and remanding this matter for retrial, the second assignment of error, as a practical matter, is rendered moot.

Specifically, as noted, appellee's attorney testified at the first trial on behalf of appellee. He may not now act as appellee's counsel at the subsequent retrial of this matter. Therefore, I do not choose to render an opinion on the merits of appellant's second claimed error, and I would dismiss that appeal as moot.