KEMPER SECURITIES, INC., Appellee,

v.

SCHULTZ, Appellant.

[Cite as *Kemper Securities, Inc. v. Schultz* (1996), 111 Ohio App.3d 621].

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE12–1594.

Decided June 11, 1996.

*Arter & Hadden, Robert R. Dunn* and *Timothy A. Riedel,* for appellee.

*Luper, Sheriff & Neidenthal, Co., L.P.A., David M. Whittaker, William B. Logan, Jr.,* and *Jack L. Stewart,* for appellant.

PEGGY BRYANT, Judge.

Defendant-appellant, Richard D. Schultz, appeals from an order of the Franklin County Court of Common Pleas, denying his motions to quash a subpoena and to obtain a protective order, and granting the motion to compel of plaintiff-appellee, Kemper Securities, Inc. ("Kemper").

Prior to this action, Schultz sued Kemper and others in the United States District Court for the Northern District of California, alleging various securities fraud claims. After the district court ruled in favor of the defendants in that

action, they moved to recover attorney fees, and Kemper obtained a judgment against Schultz for $1,016,115.74 with 7.58 percent accruing interest. Pursuant to Section 1963, Title 28, U.S.Code, Kemper registered that judgment in the United States District Court for the Southern District of Ohio.

After filing its certificate of judgment with the Franklin County Court of Common Pleas, Kemper on July 20, 1995, subpoenaed Schultz's attorney, requesting production of certain financial, estate planning and asset production documents, as well as the attorney's deposition testimony.

On August 3, 1995, Schultz moved to quash the subpoena or to obtain a protective order. Kemper responded with a motion to compel the production of documents and deposition testimony. On September 26, 1995, the trial court issued a decision and entry denying Schultz's motions and granting Kemper's motion to compel. Within its decision, the trial court ordered that all evidence unearthed in discovery, including the deposition testimony, be submitted to the court under seal. On September 28, 1995, however, the trial court held its September 26, 1995 decision and entry in abeyance until further court order.

On October 6, 1995, Schultz's attorney filed with the trial court a "motion for reconsideration" of the September 26, 1995 decision and entry. Denying the motion on November 13, 1995, the trial court issued another decision and entry reaffirming its September 26, 1995 entry.

On December 8, 1995, Schultz appealed to this court, assigning the following errors:

"I. The trial court erred in holding that the attorney-client relationship existing between appellant Richard D. Schultz and Larry K. Carnahan was waived under Ohio Revised Code § 2317.02(A) by appellant's prior testimony.

"II. The trial court erred in compelling the deposition of Larry K. Carnahan despite the assertion of the attorney-client privilege and objections to the discovery filed by appellant and attorney Larry K. Carnahan."

Kemper has moved this court to dismiss the appeal for lack of a final appealable order. Accordingly, we first must determine whether the order appealed from constitutes a final appealable order.

R.C. 2505.02, defining final appealable orders, states:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action

after judgment * * * is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

Kemper emphasizes *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, paragraph seven of the syllabus, and its broad statement that "[d]iscovery orders are interlocutory and, as such, are neither final nor appealable." In so holding, in the context of a discovery order arising from a criminal defendant's *pretrial motion,* the Supreme Court noted that discovery orders are pretrial aids to the final disposition of litigation, not R.C. 2505.02 "special proceedings." *Id.* at 437–438, 639 N.E.2d at 96, quoting *Kennedy v. Chalfin* (1974), 38 Ohio St.2d 85, 89, 67 O.O.2d 90, 92, 310 N.E.2d 233, 235–236.

Despite *Steckman*'s broad syllabus language, on these facts its discovery analysis is not dispositive. Because here Schultz's attorney was required to submit to a deposition after judgment, the issue is whether the trial court's discovery order involves an R.C. 2505.02 order affecting a substantial right and made upon a summary application in an action after judgment. By contrast, the issue in *Steckman* was whether the discovery order was an R.C. 2505.02 order affecting a substantial right "in an action which in effect determines the action and prevents a judgment." See *Shoff v. Shoff* (July 27, 1995), Franklin App. No. 95APF01–8, unreported, 1995 WL 450249 (no conflict with *Steckman* in finding discovery order in special proceeding final appealable order; *Steckman* presented no special proceeding or substantial right issue); *Whiteman v. Whiteman* (June 26, 1995), Butler App. No. CA94–12–229, unreported, 1995 WL 375848; see, also, Sup.Ct.R.Rep.Op. 1(B) (syllabus states law necessarily arising from the facts of the specific case). Thus, Kemper's motion requires consideration of two separate factors: (1) whether the order affects a substantial right, and (2) whether the order was made upon a summary application in an action after judgment.

Concerning the order's affecting a substantial right, a "substantial right" is a legal right enforced and protected by law. *Shively v. Shively* (Sept. 22, 1994), Franklin App. No. 94APF02–249, unreported, 1994 WL 521184, citing *State ex rel. Hughes v. Celeste* (1993), 67 Ohio St.3d 429, 430, 619 N.E.2d 412, 414. Here the court order permits the disclosed documents and deposition testimony, which Schultz asserts are protected under the attorney-client privilege, to be revealed to Kemper; thus, the order affects a substantial right. See *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181, 183–184, modified in part on other grounds, *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 635 N.E.2d 331, paragraph four of the syllabus (order disclosing to opposing party materials allegedly protected by attorney-client privilege); *Arnold v. Am. Natl. Red Cross* (1994), 93 Ohio App.3d 564, 572, 639 N.E.2d 484, 489.

Further, the trial court's order requiring Schultz's attorney to produce documents and to submit deposition testimony may constitute an order made upon a summary application in an action after judgment. See, *e.g., Howard v. Kuehnert* (1994), 94 Ohio App.3d 742, 745, 641 N.E.2d 804, 806 (order to execute on a judgment); *Mitchell v. Crain* (1958), 108 Ohio App. 143, 145, 9 O.O.2d 189, 190–191, 161 N.E.2d 80, 83 (decisions relating to sales upon execution); *State v. Branham* (Nov. 27, 1995), Huron App. No. H–95–066, unreported, 1995 WL 704100 (postjudgment motion to take a polygraph exam). Indeed, absent a finding of contempt, and given that the termination of lengthy execution proceedings remains uncertain, Schultz's attorney-client privilege claims may never be appealable if they are not now appealable.

■ However, even if the trial court's September 26, 1995 decision and entry constitute an R.C. 2505.02 order made upon a summary application after judgment, Schultz did not appeal within thirty days of that order. See App.R. 4. Instead, Schultz appealed from the November 13, 1995 decision and entry overruling the motion for reconsideration filed by his attorney and affirming the September 26, 1995 decision and entry.

In an effort to support his contention that the appeal was timely, Schultz relies on the September 28, 1995 trial court order holding its previous order in abeyance. The trial court, however, had no authority *sua sponte* to reopen and modify a final order. *Levin v. George Fraam & Sons, Inc.* (1990), 65 Ohio App.3d 841, 848, 585 N.E.2d 527, 531–532 (trial court reconsidered grant of summary judgment and modified prior journal entry); *Corradi v. Gene Norris Honda, Inc.* (1995), 106 Ohio App.3d 788, 667 N.E.2d 416 (determination whether trial court could modify previous disposition of motion turned upon whether previous disposition was final appealable order). Rather, a Civ.R. 60(B) motion is the only method to vacate judgments. *Pitts v. Dept. of Transp.* (1981), 67 Ohio St.2d 378, 380, 21 O.O.3d 238, 239, 423 N.E.2d 1105, 1107 (motion for reconsideration does not toll time to file appeal); *McCue v. Buckeye Union Ins. Co.* (1979), 61 Ohio App.2d 101, 15 O.O.3d 103, 399 N.E.2d 127, syllabus. Further, even if we were to construe counsel's motion for reconsideration as a Civ.R. 60(B) motion, such a motion does not toll the time for appeal. *Blasco v. Mislik* (1982), 69 Ohio St.2d 684, 686, 23 O.O.3d 551, 552, 433 N.E.2d 612, 614.

While the trial court may have effectively stayed the prior entry's operation, a trial court stay also does not toll the time for appeal. *Mooney v. Excavating Bldg., Material & Constr. Drivers Union Local No. 436* (June 19, 1980), Cuyahoga App. No. 41357, unreported; see, also, *William W. Bond, Jr. & Assoc. v. Airway Dev. Corp.* (1978), 54 Ohio St.2d 363, 365, 8 O.O.3d 384, 385, 377 N.E.2d

988, 989 (App.R. 4[A] may be tolled by filing motion for judgment notwithstanding the verdict or for a new trial). Pursuant to App.R. 4, Schultz had thirty days from September 26, 1995 to file an appeal. See *McCue, supra* (trial court vacated judgment without explanation or demonstration ·in record; time for appeal runs from time of original judgment entry, not from time of vacation and reentry). Because Schultz did not file his appeal within thirty days of the September 26, 1995 trial court order, we have no jurisdiction to address his assignments of error. See *State ex rel. Pendell v. Adams Cty. Bd. of Elections* (1988), 40 Ohio St.3d 58, 60, 531 N.E.2d 713, 714–715; *Stein v. Wyandotte Wine Cellars, Inc.* (1993), 88 Ohio App.3d 477, 479, 624 N.E.2d 308, 309.

In the final analysis, if the September 26, 1995 order is final and appealable, we lack jurisdiction because the appeal was not timely filed. If the order is not final and appealable, we lack jurisdiction, as our jurisdiction extends only to final, appealable orders. In either case, the appeal must be dismissed. The merits of Schultz's argument, however, are reviewable at some point. While a review of his arguments at the conclusion of the case, in the event the order is not now final and appealable, would be an ineffective victory in many respects, the merits may be subject to immediate review if contempt proceedings arise out of the discovery issues in the trial court.

Nonetheless, because this court lacks jurisdiction over Schultz's appeal, we are compelled to dismiss the appeal.

*Appeal dismissed.*

CLOSE and REILLY, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.