Defendant-appellant, Richard Stickles, appeals from an August 12, 1998 post-judgment order of the Franklin County Municipal Court in favor of plaintiffs-appellees, the Jackson Township Board of Trustees, and the Office of the Jackson Township Zoning Inspector (hereinafter collectively "Jackson Township").
This case has a long and tortured history arising out of Jackson Township's continuing efforts to force defendant to remove personal property and clean up a five-acre parcel of real estate he owns along State Route 665 in Jackson Township.[1]
Defendant's property has been used as a junkyard for more than two decades and is cluttered with decaying old automobiles, vans, busses, appliances, boats, scrap metal, and miscellaneous trash.
In December 1984, Jackson Township obtained a court order requiring defendant to remove the "trash and junk" from his property. In August of 1985, the court order was modified to require defendant to remove all busses, vans, and a number of the automobiles from his property.
Between 1985 and 1994, appellant was found to be in contempt of court several times for failing to comply with the court orders requiring him to clean up his property. By April of 1997, more than $190,000 in fines had accrued against defendant as a result of his ongoing contempt of the cleanup orders.
On April 11, 1997, the trial court ordered defendant to sell all of the personal property located on his land within ninety days for the purpose of satisfying his contempt fines. The court further granted Jackson Township the authority to sell defendant's personal property if defendant failed to do so within ninety days. Defendant appealed the order to this court. However, on September 15, 1997, defendant's appeal was dismissed for failure to prosecute.
Defendant made no effort to comply with the April 11, 1997 order requiring him to sell his personal property. Consequently, after ninety days, Jackson Township sought permission from the trial court to sell all of the personal property located on defendant's land as a single lot. Defendant challenged Jackson Township's proposed method of sale arguing that the sale of each individual item was the only way to obtain a commercially reasonable price for the property. On July 20, 1998, and August 11, 1998, hearings were held to determine whether defendant's personal property should be sold as a single lot or on an item-by-item basis.
On August 12, 1998, the trial court entered an order allowing Jackson Township to sell all of defendant's personal property as a single package either by auction or by accepting sealed bids. In addition, the trial court ordered defendant not to remove, damage, or destroy any of the personal property on his land, and to stay away from his land when representatives of Jackson Township are on the property. Defendant appeals from this order, assigning the following five errors:
 Assignment of Error I: The trial court erred by suspending the Rules of Evidence in its proceeding on the sale of Defendant's personal property.
 Assignment of Error II: The trial court erred in ordering that Plaintiff will be permitted to auction Defendant's personal property in a commercially unreasonable manner.
 Assignment of Error III: The trial court erred in ordering Defendant to stay off his real property when representatives of the Plaintiff are on the property.
 Assignment of Error IV: The trial court erred in prohibiting Defendant from removing his personal property from his real property.
 Assignment of Error V: The trial court violated Defendant's constitutional rights of due process, equal protection, privilege against self incrimination, rights to property and fair compensation and privacy rights.
Initially, Jackson Township contends that this appeal should be dismissed for lack of a final appealable order. R.C.2505.02(B) provides, in pertinent part, that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * *: (2) An order that affects a substantial right made * * * upon a summary application in an action after judgment[.]" Thus, we must determine whether the trial court's August 12, 1998 order affects a substantial right, and whether the order was made upon a summary application in an action after judgment.
With respect to whether the order affects a substantial right, R.C. 2505.02(A)(1) defines a "substantial right" as "* * * a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." The trial court's August 12, 1998 order permits defendant's personal property to be sold off as a single package. Property rights are afforded considerable protection under the law; thus, the order affects a substantial right. Wright v. Wright (Nov. 10, 1994), Hocking App. No. 94CA02, unreported.
The trial court's order also constitutes an order made upon a summary application in an action after judgment. See KemperSecurities, Inc. v. Schultz (1996), 111 Ohio App.3d 621, 625
(post-judgment discovery order); State v. Branham (Nov. 27, 1995), Huron App. No. H-95-066, unreported (post-judgment motion to take a polygraph exam).
Although the trial court's post-judgment order of August 12, 1998, is a final appealable order, defendant's appeal from that order is moot.
Following the entry of the August 12, 1998 order, the trial court entered two additional orders in this matter: On January 14, 1999, the court entered an order approving Jackson Township's advertising plan and bid specifications for its sale of defendant's personal property. More importantly, on January 19, 1999, the trial court entered an order accepting a bid of $26,250 from Wooster Iron and Metal Company ("Wooster") for all of the personal property located on defendant's land, and conveying title to all such personal property to Wooster. Even though these two orders were entered after defendant filed his notice of appeal from the August 12, 1998 order, the trial court retained jurisdiction to enter them, as they were in aid of the execution of the court's April 11, 1997 judgment ordering the sale of defendant's personal property[2]. State ex rel. Klein v.Chorpening (1983), 6 Ohio St.3d 3, 4; Hagood v. Gail (1995),105 Ohio App.3d 780, 784-785. Defendant has not appealed from either order.
Because defendant has not appealed the trial court's January 19, 1999 order approving the sale of defendant's personal property to Wooster, any review of the trial court's August 12, 1998 order determining the method of sale would be a futile exercise. Even if this court were to reverse the August 12, 1998 order, Wooster would retain title to the property at issue. Consequently, this appeal is moot. See Hagood, supra, at 785 (holding that an appeal from a final judgment ordering property sold was moot, where the property had already been sold); In theMatter of: Clum (Oct. 22, 1979), Athens App. No. CA 948, unreported (Stephenson, P.J., concurring) (opining that the appeal from an order overruling a motion to terminate temporary custody should be dismissed as moot in light of a subsequent order terminating the temporary custody); Broadview Savings Loan Co.v. Smith (Mar. 11, 1976), Cuyahoga App. No. 34636, unreported (dismissing as moot an appeal from an order referring the case to a referee, given subsequent orders vacating the referral order and dismissing the complaint).
Defendant's appeal is dismissed as moot.
Appeal dismissed.
LAZARUS, P.J., and TYACK, J., concur.
[1] This matter has been before this court on several prior occasions. See State v. Stickles (Sept. 15, 1997), Franklin App. No. 97APC05-645, unreported (Journal Entry of Dismissal); JacksonTownship v. Stickles (Mar. 21, 1996), Franklin App. No. 95APC09-1264, unreported (1996 Opinions 1029); State ex rel.Miller v. Stickles (1988), 57 Ohio App.3d 97; State ex rel. Millerv. Stickles (June 13, 1985), Franklin App. No. 85AP-06, unreported (1985 Opinions 1672).
[2] Civ.R. 62(B) and App.R. 7(A) set forth specific procedures for obtaining an order staying the execution of a judgment pending appeal.