I agree that this appeal should be dismissed for lack of a final appealable order. The majority states that the order can not be a final order under Civ.R. 54(B), because the trial judge dismissed the case upon suggestion of death. The trial court did not wait 90 days for a motion to substitute parties pursuant to Civ. R. 25. Additionally, appellant died subsequent to the filing of an appeal and the case was dismissed while the appeal was pending.
When an appeal is pending, the trial court only retains jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm judgment. Daloia v.Franciscan Health Sys. of Cent. Ohio, Inc. (1997), 79 Ohio St.3d 98. The appellate court has jurisdiction over a case until it determines that it lacks jurisdiction, even if the end result of the appeal is that there was no final appealable order. See Corradi v. Gene NorrisHonda, Inc. (1995), 106 Ohio App.3d 788. For jurisdictional purposes, the trial court must assume the order was final until this court decides otherwise. The complaint here is for alimony only, which action cannot be maintained after the death of a party. See Delaney v. Delaney (1956), 102 Ohio App. 249. However, the appellant's actions to quiet title were consolidated into the alimony action and a determination of whether a common law marriage existed would impact on these actions. Therefore, a dismissal of the case would be inconsistent with this court's jurisdiction to reverse, affirm or modify the judgment. The trial court did not have jurisdiction to dismiss the case while the appeal was pending. An action is still pending in the trial court, because the dismissal was void for lack of jurisdiction.
Moreover, the majority seems to indicate that Eiland v.Coldwell Banker Hunter Realty (1997), 122 Ohio App.3d 446 holds that a voluntary dismissal negates all orders, both final and interlocutory. A voluntary dismissal, without prejudice, dissolves all interlocutory orders, but does not dissolve final orders. See Nielsen v. Firelands Rural Elec. Coop., Inc. (1997),123 Ohio App.3d 104. The key determination in this case is whether the order finding a common law marriage was a final order.
I find that the order in question was not final appealable order because it did not comply with R.C. 2505.02. The trial court's addition of Civ.R. 54(B) "no just reason for delay" language could not transform an order that was not final for purposes of R.C. 2505.02 into a final appealable order for Civ.R. 54(B) purposes. See Hitchings v. Weese (1997), 77 Ohio St.3d 390,391. The adoption of the referee's determination that a common law marriage existed does not fit into any of the categories of a final order under R.C. 2505.02(B). Civ. R. 75 orders, including adoption of a referee's determination that a common law marriage exists, are interlocutory orders. Wilson v. Brown (1987), 41 Ohio App.3d 77. The finding of a common law marriage is similar to a finding of paternity, which is not a final order until a support order is made. See State ex rel. Dixon v. Clark Cty. Court ofCommon Pleas, Juv. Div. (1995), 103 Ohio App.3d 523, 528.
Appellee's motion to dismiss the appeal as moot is essentially rendered moot by the finding that there was no final appealable order.
I also write separately to emphasize that as a general rule it is not my practice to name the trial judge or referee in my appellate opinions.
On appeal, our focus is whether particular assignments of error are meritorious and whether reversible error has occurred. App. R. 12. Thus, the focus of our review is the judicial rulings which are brought before us. In completing our review, we are to apply a body of orderly procedures and decisional law. Personal reference is not relevant.
Moreover,
 The bounds of the law in a given case are often difficult to ascertain. The language of legislative enactments and judicial opinions may be uncertain as applied to varying factual situations. The limits and specific meaning of apparently relevant law may be made doubtful by changing or developing constitutional interpretations, inadequately expressed statutes or judicial opinions, and changing public and judicial attitudes. Certainty of law ranges from well-settled rules through areas of conflicting authority to areas without precedent.
Code of Prof.Resp., EC 7-2. In short, we are not a court of last resort and a pronouncement from this court that error has occurred may in fact be overturned by the Supreme Court in subsequent review.
Finally, we must be mindful that judges are not wholly free to defend themselves and that focusing upon the judge rather than the decision itself could unfairly affect public confidence in the judicial system and could appear to be an expression of partiality.