JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Daniel Dzina appeals from a common pleas court order granting defendant-appellee Nancy Dzina's motion to unseal the record in this case. He argues:
 {¶ 2} THE TRIAL COURT ABUSED ITS DISCRETION IN UNSEALING THE RECORD BECAUSE APPELLEE FAILED TO SHOW THAT THE PRIOR JUDGMENT ENTRY WAS VOID OR OTHERWISE FAILED TO ESTABLISH ADEQUATE GROUNDS UNDER CIVIL RULE 60(B) TO ALTER THE TERMS OF THE DECEMBER, 1998 SETTLEMENT AGREEMENT.
 PROCEDURAL BACKGROUND {¶ 3} The parties were divorced pursuant to a judgment entered December 21, 1998. On January 12, 1999, the court granted appellant's motion to seal the record of the proceedings.
 {¶ 4} On May 9, 2001, appellee filed a motion to show cause why appellant should not be held in contempt, to join a new party defendant, to restrain appellant from dissipating assets, to appoint a receiver, and to unseal the file. Appellant moved the court to dismiss some of these motions, including the motion to unseal the file, but the court granted the motion to unseal in the following entry filed July 5, 2001:
 {¶ 5} This cause comes before the court upon Defendant's Motion to Unseal the Record filed 6-6-01 [sic], Defendant's Brief in Support of her motion, and Plaintiff's Brief in Support to retain Seal [sic].
 {¶ 6} The court has considered the legal arguments put forth by counsel for both sides and finds that Defendant's Motion to Unseal the Record should be granted.
 {¶ 7} IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the record in this case including the case file and all pleadings and exhibits entered into evidence are unsealed. The Cuyahoga County Clerk of Courts is instructed to take whatever actions are necessary to facilitate the unsealing of the record of this case as set forth above.
 {¶ 8} Appellant timely appealed this ruling on July 30, 2001.
 LAW AND ANALYSIS {¶ 9} This appeal raises a novel question: Is a post-judgment order unsealing court records final and appealable under R.C. 2505.02? Although the parties do not discuss this issue, we are compelled to consider it sua sponte because it affects our jurisdiction.
 {¶ 10} R.C. 2505.02(B) provides:
 {¶ 11} (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 12} (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 13} (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 14} (3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 15} (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 16} (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 17} (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 18} (5) An order that determines that an action may or may not be maintained as a class action.
 {¶ 19} The trial court's order sealing the record and the later order unsealing the record were each final and appealable because each was "an order that affects a substantial right made in a special proceeding." First, each order clearly affected a "substantial right," that is,
 {¶ 20} * * * a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 {¶ 21} R.C. 2505.02(A)(1). The historically public nature of court proceedings and records protects the inherent fairness of the proceedings and therefore implicates constitutional due process concerns as well as the First Amendment rights of the public to access to court records.Richmond Newspapers, Inc. v. Virginia (1980), 448 U.S. 555; State, exrel. Fyffe v. Pierce (1988), 40 Ohio St.3d 8; In re T.R. ex rel. DispatchPrinting Co. V. Solove (1990), 52 Ohio St.3d 6, 10; Brown WilliamsonTobacco Corp. v. Federal Trade Commn. (1983), 710 F.2d 1165, 1179. Constitutional rights are unquestionably "substantial."
 {¶ 22} Second, each order was made in a "special proceeding." Divorce proceedings are special proceedings within the meaning of R.C.2505.02(A)(2). State ex rel. Papp v. James (1994), 69 Ohio St.3d 373,379; O'Brien v. O'Brien (Jan. 25, 2001), Cuyahoga App. No. 77788. Thus, both post-judgment orders were final and appealable under R.C.2505.02(B)(2).[1]
 {¶ 23} The ruling unsealing the court's records which is at issue here effectively vacated the court's previous order sealing the record. Although presented as a request for a ruling on a new issue, the motion to unseal the record actually asked the court to set aside its previous decision. This is the essence of a motion to vacate. See Civ.R. 60(B).
 {¶ 24} In her motion to unseal the record, appellee gave no reason for seeking to vacate the order sealing the record. It is well settled that a motion to vacate is not a substitute for a timely appeal. Doe v.Trumbull County Children Services Bd. (1986), 28 Ohio St.3d 128, paragraph two of the syllabus.[2] The principle of finality requires that, so long as the order is not void, even an erroneous ruling must be given binding effect among the parties once the time for appeal has passed.
 {¶ 25} A party may obtain relief from a final judgment pursuant to Civil Rule 60(B). However, appellee failed to satisfy any of the requirements of Civ.R. 60(B). She showed none of the grounds for relief from judgment listed in the rule,[3] nor did she demonstrate that her motion was timely or that she had a meritorious defense[4] to appellant's application to seal the record. Therefore, the court abused its discretion by granting the motion. Accordingly, we reverse the common pleas court's order of July 5, 2001 unsealing the record of the proceedings in this case. The clerk of courts is directed to re-seal the record in this matter in accordance with the order of January 12, 1999.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and TERRENCE O'DONNELL, J. CONCUR
[1] Because the orders at issue here occurred in the context of a divorce (which is considered a special proceeding), we need not address the question whether a post-judgment order sealing or unsealing court records might be considered an order "upon summary application in an action after judgment" which is appealable under R.C. 2505.02(B)(2) if it affects a substantial right. See Kemper Securities, Inc. v. Schultz
(1996), 111 Ohio App.3d 621. Nor need we consider whether the order unsealing the court's records might be considered an order that vacates a judgment, appealable under R.C. 2505.02(B)(3). Finally, we need not address the question whether either order might be considered an order granting or denying a provisional remedy, appealable under R.C.2505.02(B)(4). Cf. Conforte v. LaSalla (Nov. 1, 2001), Cuyahoga App. No. 79358.
[2] The court's decision to seal the record was erroneous. TheFirst Amendment to the United States Constitution creates a strong presumption in favor of public access to court proceedings and records. See Brown Williamson Tobacco Corp. v. Federal Trade Commn. (1983), 710 F.2d 1165,1179. Some exceptions to the rightd of access have been developed to protect competing interests, for example, trade secrets or national security concerns. Id.; Nixon v. Warner Communications, Inc. (1978),435 U.S. 589. Ohio's public records law, R.C. 149.43, sets forth the exceptions Ohio has deemed to justify the denial of access to public records. Except for a few limited circumstances (such as adoption proceedings), these competing concerns do not justify a blanket order sealing the record of an entire proceeding.
[3] To the extent that appellee claims that changed circumstances require the record in this case to be unsealed, we note that Civ.R. 60(B)(4) provides that a judgment may be vacated if it is no longer equitable that the judgment should have prospective application.
[4] As noted in footnote 2, above, the decision whether to seal the court's records involves a weighing of the competing interests. Thus, a meritorious defense in this case might include appellee's reasons for seeking access to the records now. These reasons must be weighed against the asserted reasons for sealing the court's record in the first place.